## LYBRAND vs. HANEY and wife.

TAX DEED. (1) *Action by grantee, to quiet title.* (2, 3) *When grantee can acquire title under other tax sales.* (4) *Form of tax deed.* (5) *Pleading in action to quiet tax title.*

1. After the expiration of three years from the date of a tax deed, the grantee therein cannot bring the action provided by ch. 22, Laws of 1859, to quiet his title under such deed.

2. Where the grantee in a tax deed, being in possession under it, suffers the land to be sold for taxes accruing subsequently to his possession, and purchases the certificate, *it seems* that such purchase is merely a *redemption* of the land, and he cannot take a deed based upon such certificate and maintain an action thereon under said ch. 22.

3. But one who, in 1865, took out valid tax deeds based upon sales for the taxes of 1858 and 1861, and went into possession under them, was under no obligation to pay delinquent taxes of the years from 1859 to 1864, inclusive; and he might take deeds upon the sales for such taxes, and bring the action provided by said ch. 22, to quiet his title under such deeds. *Smith v. Lewis* (20 Wis., 350), approved and followed.

4. A recital in a tax deed that the holder of the tax certificate has deposited the same "in the office of the clerk of the board of supervisors *in* the county of R." (instead of "in the office of the clerk of the *county* board of supervisors *of* the county of R."), and the omission of the word "and" in the attestation clause, immediately before the words "have hereunto subscribed"—*held* not to be fatal variations from the statutory form; especially as the statute only requires the deed to be in "substantially" the form there given, "or other equivalent form."

5. Sec. 36, ch. 22, Laws of 1859, requires all persons who were former owners of the lands, or those claiming under them, or claiming any interest therein, to be made defendants to an action under that statute. An averment in the complaint in such an action against J. H. and S. H., that "the defendant J. H. is the former owner of all the foregoing described lands, and the defendant S. H. is the wife of said J. H., and the defendants claim the right to have the possession" of all said lands, *held* sufficient.

APPEAL from the Circuit Court for *Richland* County.

Action by the claimant under ten tax deeds, to foreclose the right, title and interest of the former owner to the lands

described therein, pursuant to the provisions of Laws of 1859, chapter 22.

The complaint seems to be in the usual form of complaints in actions of like character. Attatched to it, and made a part thereof, are copies of such tax deeds, which purport to convey to the plaintiff, or, in a single instance, to the grantors of the plaintiff, the lands claimed in the action, being nine forty-acre lots. The complaint alleges that the plaintiff entered into the possession of all of the lands described in it, August 11, 1865, and has been in possession ever since, by virtue of such tax deeds.

Designating the tax deeds by letters, and the lots by numbers, the following table will show the lots included in, and the dates of the recording of, each of said deeds respectively, together with the year for the unpaid taxes of which such lands were sold and conveyed, and the dates of the deeds:

| Date of Deed. | Deed. | No. of Lots. | Date of Rec'g. | Tax's of |
|---|---|---|---|---|
| Aug. 11, 1865 | A. | 2 to 7 inclusive | Aug. 12, 1865 | 1858 |
| Dec. 31, 1867 | B. | 2 to 7 inclusive | Jan. 30, 1868 | 1859 |
| Dec. 31, 1867 | C. | 2 to 7 inclusive | Jan. 30, 1868 | 1860 |
| May 22, 1867 | D. | 2 to 7 inclusive | May 29, 1867 | 1862 |
| May 22, 1867 | E. | 2 to 6 inclusive | May 29, 1867 | 1863 |
| May 20, 1870 | F. | 2, 3, 4 and 7 | May 20, 1870 | 1864 |
| May 20, 1870 | G. | 6 | May 20, 1870 | 1865 |
| Jan. 18, 1870 | H. | 2 and 4 | Jan. 18, 1870 | 1865 |
| Dec. 26, 1865 | I. | 1 | Dec. 29, 1865 | 1861 |
| Nov. 25, 1865 | K. | 8 and 9 | Nov. 25, 1865 | 1861 |

The action was commenced May 20th, 1870, or within three years after the execution of all the tax deeds except " A " " I" and " K." Certain objections were taken to the form of the tax deeds, which are stated in the opinion. The defendants interposed a demurrer to the complaint, which contains specific objections to each of the tax deeds; all of which objections are, however, included in the general one, that the complaint fails to set forth facts sufficient to constitute a cause of action.

From an order overruling the demurrer the defendants appealed.

*Eastland & Eastland* (with *Carpenter & Chase*, of counsel), for appellants :

1. This action cannot be maintained upon the three tax deeds

dated in 1865, more than three years before its commencement. Nor can it be maintained upon the two deeds executed upon sales in 1866, for taxes accruing and assessed after the plaintiff went into possession under his deeds of 1865.   24 Wis., 229 ; 22 id., 175.   A person cannot, while in possession, claiming as owner, under a tax deed, acquire a valid title under other certificates, even if existing when he obtained title.   The legal effect of the taking of such title is to redeem from the tax sale, a duty incident to his ownership.   *Smith v. Lewis*, 20 Wis., 350 ; *Lacey v. Davis*, 4 Mich., 150 ; *Chambers v. Wilson*, 2 Watts, 495. This principle applies to all the other deeds.   2. The deeds themselves are defective in not showing that the certificates of sale were deposited in the proper office, and in not being certified to be executed in behalf of the state and of the county.

*J. H. Miner* (with *W. E. Carter*, of counsel), for respondent :

1. The defendant, not having made the deposit required by sec. 38, ch. 22, Laws of 1859, cannot raise any question as to defects in tax deeds, by this demurrer.   The word "answer," as used there, is broad enough to include a demurrer, which for some purposes is an answer.   *Howell v. Howell*, 15 Wis., 55 ; *Wakeley v. Nicholas*, 16 Wis., 588 ; *Orton v. Noonan*, 25 id., 672 ; *Knight v. Barnes*, id., 352.   2. The demurrer presents only the single question, whether the complaint states a cause of action. All the objections to the complaint are merely technical, except that some of the tax deeds were executed more than three years before this action was commenced.   That objection is not presented in a proper time or manner to raise a jurisdictional question, nor any other question except the sufficiency of the complaint.   If, therefore, any cause of action at all is stated in the complaint, upon any of the tax deeds set out therein, the demurrer must be overruled.   *Curtis v. Moore*, 15 Wis., 134 ; *Morrow v. Lawrence*, 7 id., 574; *Rogers v. Milwaukee*, 13 id., 610.   If the objection be good as against three deeds, they are out of the case, and cannot be considered with reference to their effect upon the validity of the other deeds.

LYON, J. I. All of the lands affected by this action are included in the tax deeds designated as A, I, and K; and they were all executed and recorded more than three years before this action was commenced. So far as the action is founded upon those three deeds, it cannot be maintained. The act of 1859, chap. 22, sec. 35, only permits such an action to be brought within three years after the date of the conveyance.

II. It is quite probable that the purchase by the plaintiff of the certificates issued on the sales for the unpaid taxes of 1865, is a redemption of the land from such sales, the plaintiff having been in possession claiming title when those taxes were assessed or levied. If a redemption, the plaintiff cannot predicate his action upon the tax deeds G and H.

III. But as to the remaining deeds, B, C, D, E, F, executed on the sales for the unpaid taxes for the years 1859, '60, '62, '63 and '64 respectively, the plaintiff occupies a different position. He was under no legal obligation to pay taxes assessed upon the lands before he became the owner thereof, or before he went into possession claiming to be such owner. He could pay such taxes or abstain from doing so, as he pleased. Hence the taking of tax deeds upon the certificates issued on the sales for nonpayment of the taxes for the last mentioned years, instead of paying such taxes, was no violation of any duty or obligation. Under these circumstances, we see no good reason why the plaintiff could not strengthen his title by taking such deeds, or why he may not maintain this action upon them, notwithstanding he may have a good title without them by virtue of the deeds A, I, and K. Such, I think, is the result of the reasoning of the chief justice in *Smith v. Lewis*, 20 Wis., 350; with which I am entirely satisfied.

IV. Several objections are taken to the form of the tax deeds, and they do differ in certain particulars from the form prescribed by law. 1. They recite that the plaintiff, or other holder of the certificates of sale, has deposited the same " in the office of the clerk of the board of supervisors *in* the county

---

---

of Richland," instead of " in the office of the clerk of the *county* board of supervisors *of* the county of Richland," which is the statute form.    2. In the attestation, the word "*and*," where it occurs immediately preceding the words "have hereunto subscribed," etc., is omitted.    These are very stupid blunders, or would be so, were it not true that it was easier to avoid than to commit them.    Perhaps the effort that it cost the perpetrator and others to commit them in the first instance, and to perpetuate them through all of these deeds, ought to relieve those persons from the charge of stupidity.    They are blunders, however, which can prejudice or mislead no one. No person can be deceived by them.    They do not effect the substance of the deeds, and the statute only requires that they shall be *substantially* in the form therein given, *or other equivalent form.*    Laws of 1859, chap. 22, sec. 50.    We think the deeds in question are *substantially* in the form therein prescribed, or equivalent thereto.

V. The point was made on the argument of this cause, that the complaint does not allege that the defendants were the owners of the lands in question at the time of the tax sales. The law of 1859, sec. 36, requires that all persons who were the former owners of the lands, or those claiming under them, or claiming any interest therein, shall be made defendants in the action.    The averment of the complaint is as follows : " That the defendant *James Haney* is the former owner of all the foregoing described lands and real estate, and the defendant *Santippa Ann Haney* is the wife of the said *James Haney;* and the defendants claim the right to have the possession of all the foregoing described lands."    We think that this is a full compliance with the law in that respect.

*By the Court.*—The order of the circuit court, overruling the demurrer to the complaint, is affirmed.