## McFarlane *v.* Grober.

### Opinion delivered April 19, 1902.

1. DESCENT—NEW ACQUISITION.—Where the owner of land, which she had acquired by purchase, died intestate and without descendants, leaving a father, a brother and a sister her heirs surviving, the land ascends to the father for his lifetime, and then descends in remainder to the brother and sister. (Page 374.)

2. STATUTE OF LIMITATION—MARRIED WOMEN.—The seven years' statute of limitations (Sand. & H. Dig., § 4815) does not begin to run against a married woman's right to recover her land. (Page 374.)

3. LACHES—WHEN NO DEFENSE.—The doctrine of laches has no application to a case where the plaintiff is not seeking equitable relief, but to enforce a legal title, and where her action is not barred by the statute of limitations in reference thereto. (Page 374.)

4. TAX TITLE—WHO MAY ACQUIRE.—A claimant of land in possession is not debarred from acquiring a tax title where he was not to blame for the tax forfeiture, and stands in no such relation to the former owner of the land as makes it unjust or inequitable that he should set up the tax title against her. (Page 375.)

Appeal from Sebastian Circuit Court in Chancery.

STYLES T. ROWE, Judge.

Affirmed.

#### STATEMENT BY THE COURT.

Emile Grober was the owner of a tract of land in Sebastian county, containing about 200 acres, which she had purchased from the United States. She was an unmarried woman, and died in February, 1867, intestate and without issue, leaving surviving her father, John C. Grober, and a sister and brother named Theresa and Rhinehold Grober, respectively. After the death of Emile Grober, her father took possession of the land, and claimed to be the owner

thereof.    He sold the land to Malinda Jackson, and afterwards in 1879 at her request conveyed the same to Americus McKissack. In 1883 McKissack conveyed the land to W. E. Gunter, and in 1899 Gunter conveyed the land to R. W. McFarlane, who now claims to be the owner thereof.

John C. Grober died 13th of February, 1892.    Afterwards Theresa and Rhinehold Grober were advised that they were the owners of the land, and Rhinehold on the 2d day of February, 1899, conveyed his interest in the land to his sister, Theresa Grober, and she on the 26th day of April, 1899, brought this action in eject- ment to recover the land.    The defendant, R. W. McFarlane, ap- peared and answered.    He sets up only two defenses to the action: First, that John C. Grober was, at the death of his daughter, the owner of the land in fee, having received a deed from Emile Gro- ber conveying it to him; second, that plaintiff was barred by laches, statute of limitations and adverse possession.    In addition to the title to the land above mentioned, defendant also claimed that he held title to 40 acres of the land by virtue of a purchase by Gunter of a tax title to the same from the state and a conveyance from Gunter to him.    This is the substance of the answer, though it is set out at some length, and accompanied by a motion to transfer the case to the equity docket, which was granted.    Plaintiff excepted to the order transferring the case to the equity docket.

On the hearing of the court found that the defendant was the owner of the 40-acre tract of land claimed by him under a tax title, that the interest in the land claimed by plaintiff through Rhine- hold Grober was barred by statute of limitations, and that, with the exception of that portion of the land held by the defendant under a tax title above referred to, the plaintiff and defendant were each owners of an undivided half of the land, and gave judgment ac- cordingly.    Both parties appealed.

*T. B. Pryor, Hill & Brizzolara,* for appellant.

The test of evidence is the consistency of the narration and the possibility or probability of the matter related.    2 Rice, Ev. § 321. The testimony of a witness cannot be arbitrarily disregarded. 67 Ark. 514; 66 Ark. 441.    The findings of a chancellor are not conclusive.    55 Ark. 116; 43 Ark. 318; 41 Ark. 294.    The pro- bate court has no jurisdiction over matters affecting title to real estate between the administrator and other parties.    15 Ark. 381;

34 Ark. 564. Order of distribution of real estate without notice to heirs is void. 10 Ark. 201. The rule that a tenant cannot dispute the title of the lessor has no application to life estates. 71 N. Y. 190. If life tenant conveys a fee, he forfeits his tenancy, and remainderman can enter. 1 Wash. Real Prop. 91, 92. The statute generally begins to run at death of tenant. 58 Ark. 210; 60 Ark. 70. Possession for the statutory period without notice of life estate is good title. 2 Pingrey, Real Prop. § 1185. Remaindermen have the right to protect their reversion during continuance of the life estate. 1 Pingrey, Real Prop. § 294; 38 Ark. 91; 39 Ark. 434. Appellee is barred by laches. 55 Ark. 85; 91 U. S. 587; 67 Mo. 187-8; 47 Mich. 79; 145 U. S. 368; 124 U. S. 183; 168 U. S. 685; 61 Ark. 575.

*Ben T. Duval,* for appellee.

The statute of limitations does not apply to married women. Sand. & H. Dig., § 4815. The same was not repealed by act of April 28, 1873. 42 Ark. 305; 42 Ark. 357; 47 Ark. 558. The statute of limitations does not run against a remainderman until death of tenant. 60 Ark. 70; 42 Ark. 357; 1 Wash. Real Prop. (5th Ed.), 132; Newell, Ejectment, 764; Tyler, Ejectment, 923; 58 Ark. 510. He cannot be guilty of laches until that time. 154 Ill. 498; 4 Ballard, Real Prop. 258. Deed conveys only grantor's interest. 1 Wash. Real Prop. 92. Possession of life tenant or his grantor is not adverse to remainderman during existence of life estate. 58 Ark. 510; 35 Ark. 84; 15 Am. Dec. 433; 39 Am. Dec. 165; 43 Ark. 427. Appellant cannot plead statute of limitations. 49 Ark. 207; 44 Ark. 48. Parties ignorant of their rights cannot be charged with laches. 85 Va. 429. Ignorance of rights must be explained. 89 Ala. 428; 1 Ballard, Real Prop. 613. Equity favors the diligent. 76 Wis. 662; 137 U. S. 556; 138 U. S. 480; 46 N. J. Eq. 489. Laches may be imputed to a married woman. 55 Ark. 85; 48 N. J. Eq. 219, 638; 2 Ballard, Real Prop. 674. When laches will bar right of recovery. 53 N. J. Eq. 513; 4 Ballard, Real Prop. 787; 5 Ballard, Real Prop. 831; 120 U. S. 377-87; 124 U. S. 495. In estoppel by silence there must be a duty to speak. 63 Ark. 300; 50 Ark. 128; 39 Ark. 131; 55 Ark. 426; 36 Ark. 114; 46 Ark. 117; 51 Ark. 61; 24 Ark. 255; Bigelow, Estop. (3 Ed.), 18. It is the duty of life tenant to pay taxes. 109 Mich. 415; 97 Tenn. 46; 42 S. W. Rep. 401; 41 S. W. Rep. 937.

RIDDICK, J., (after stating the facts.) This was an action of ejectment, which was, on motion of the defendant, transferred to the equity docket, and tried as an equity case by the judge of the circuit court. But an examination of the defense set up by the answer shows, as we think, no sufficient ground for the transfer of the case of the equity docket. The defenses set up in the answer were legal defenses. The answer presented no defense calling for equitable relief, and the case should have been tried at law. But, though the plaintiff objected to the transfer of the case to the equity docket, she does not now press that point as ground for reversal. The only substantial thing the transfer to equity effected was to bring the issues of fact presented before the judge for trial, instead of before a jury, and the case is now very much in the attitude of a case at law tried before the judge sitting as a jury, and afterwards appealed to this court.

We have given the case careful attention, and our conclusion is that the finding of the circuit judge to the effect that Emile Grober was the owner of this land at her death, that under the law her father took only a life estate, and that after his death the title vested in Theresa Grober and Rhinehold Grober, the brother and sister of Emile Grober, is sustained by the law and the evidence. *Kelley's Heirs* v. *McGuire,* 15 Ark. 555.

The testimony of Mrs. Matilda Jackson bearing on the execution of a deed from Emile to her father is not convincing to our minds, and we think the circuit judge was justified in rejecting it.

As Theresa Grober was a married woman at the time of her sister's death, and remained so up to the time of the bringing of her action of ejectment, we think that it is clear she was not barred by the statute of limitations.

The doctrine of laches, invoked by the defendant, does not apply to a case where the plaintiff is not asking any equitable relief but seeks only to enforce a plain legal title in a court of law, and where her action is not barred by the statute of limitations in reference thereto. *Rowland* v. *McGuire,* 67 Ark. 320; *Wilson* v. *Nichols,* 72 Conn. 173; *Broadway Nat. Bank* v. *Baker,* 176 Mass. 294; Wood, Limitations, § 60, note a.

But, whatever view may be taken of that question, the facts and circumstances in proof, we think, fully justified the circuit judge in overruling this defense and finding in favor of the plain-

tiff on that issue.  This disposes of the questions presented by the appeal of the defendant.

As to the cross appeal, we must also say that no ground for reversal is shown.  The 40 acres claimed by the defendant were, it is true, forfeited to the state for nonpayment of taxes after the death of Emile and before the expiration of the life estate held by John C. Grober.  But neither McFarlane nor Gunter, who purchased this tax title from the state, were in possession of the land, or had any claim to it at the time it was forfeited, nor were they under any obligation to pay the taxes for which it was sold.  Long after this tax sale, and when the title had become vested in the state, Gunter purchased the land from parties holding through conveyances from Grober purporting to convey the title in fee.  Gunter believed that he was acquiring the title in fee, but, finding that this 40 acres had been sold to the state for nonpayment of taxes, and that the state was the owner thereof, he purchased it from the state, and afterwards sold it to McFarlane.  One in possession of land under claim of title may strengthen his title thereto by the purchase of an outstanding title.  *Coxe* v. *Gibson,* 27 Pa. St. 160.  While a tenant for life whose duty it is to pay the taxes will not be allowed to acquire a title against the owner of the fee by permitting the land to be sold for taxes,—in other words, while one whose duty it is to pay the taxes will not be allowed to profit by a failure to discharge the duty,—yet the rule does not apply here, for the claim of Gunter to the land was not in recognition of the rights of the plaintiff, but adverse to them.  He was not in any way to blame for the forfeiture of the title to the state through the nonpayment of the taxes, and he stands in no such relation to the plaintiff as makes it unjust or inequitable that he should set up against her this title acquired from the state.  We therefore think that the contention of the defendant on this point must be sustained.  *Blackwood* v. *Van Vleit,* 30 Mich. 118; *Coxe* v. *Gibson,* 27 Pa. St. 160; *Lybrand* v. *Haney,* 31 Wis. 230; Cooley, Taxation (2d Ed.), 508.

Although, for the reason that she was a married woman, the statute of limitations did not bar the right of the plaintiff to recover the undivided half interest in the land owned by her, yet it commenced to run against Rhinehold Grober on the death of the life tenant, John C. Grober, if not before, and the conveyance of Rhinehold to his sister, the plaintiff, did not stop the statute, and

the right to recover the undivided interest owned by him was clearly barred before the commencement of this action. On the whole case, we think the judgment should be affirmed, and it is so ordered.