# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

HARRIS *v.* REMMEL.

Opinion delivered May 13, 1907.

ACCOUNT—CONCURRENT JURISDICTION—TRANSFER—PREJUDICE.—Where a law court, having jurisdiction of an action on an account, transferred the case to the equity court, which assumed jurisdiction and tried the case, the decision of the latter court will not be reversed unless there was manifest error to the prejudice of the party complaining.

Appeal from Polk Chancery Court; *James D. Shaver,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

H. L. Remmel is the general agent of the Mutual Life Insurance Company of New York for the State of Arkansas. As such general agent, he, in November, 1900, appointed Alf Harris his agent for the purpose of soliciting and procuring applications for insurance and for collecting and transmitting to Remmel moneys that became due and payable on account of policies issued by the company on such applications.

It was provided in a contract between them that Harris should be responsible for premiums due on delivery of the policies issued upon applications procured through him; that when such premiums were paid in cash the money should be remitted to Remmel, and that if notes were taken in settlement they should be made payable to Harris, indorsed by him and forwarded to Remmel; that such notes were to be under the control of Remmel in. regard to "collection and suit," but no credit for such notes was to be given to Harris until they were paid. In other words, if Harris collected the first premium on an insurance policy issued through him, he was required to send the money

to the general agent, who then credited Harris with his com-
mission thereon, which was either 50 or 60 per cent., according
to the form of the policy issued. If the insured executed a
note for the premium, that note was sent to the general agent,
and Harris charged with the premium. If the note was after-
wards paid, Harris was credited with it and received his com-
mission thereon; if the note was never paid, Harris was charged
with the amount of the note less his commission.

Harris executed a bond that he would well and faithfully
perform this contract and discharge his duties as agent, and that
whenever required by Remmel he would render faithful ac-
counts of all his doings as such agent. This bond was in the
sum of five hundred dollars, and F. M. Reeves and J. I. Alley
signed it with Harris as his securities.

Afterwards policies were issued through Harris, the pre-
miums due for some of which were collected in cash, while for
quite a number of them notes were given to Harris for the pre-
miums. These notes were indorsed by Harris and forwarded
to Remmel, who from time to time advanced Harris money to
enable him to carry on his business as agent and took his sev-
eral promissory notes for these sums.

After Harris had acted as agent for several months, Rem-
mel was notified by one of the securities on the bond of Harris
that he desired to be released from the bond. Harris had
left the State shortly before that time, and a year or two after-
wards Remmel brought an action at law against Harris and
the securities on his bond for money which Remmel had ad-
vanced to Harris in the course of his agency, and for which
Harris had executed his several promissory notes amounting
in the aggregate to $525, besides interest.

The defendants filed an answer in which they denied that
Harris owed Remmel anything, and set up a number of charges
that Harris held against Remmel for commissions and for other
matters, and alleged that, after allowing Remmel all credits, he
owed Harris a balance of about eighty dollars, wherefore Har-
ris asked that he have judgment for that sum against Remmel,
and that the notes he brought into court and canceled.

Remmel filed a reply to the answer and counterclaim of
defendant, in which he states that he holds in his hands cer-

tain premium notes delivered to him by Harris, and which he has not been able to collect; that he is ready and willing to bring these notes into court to be delivered to Harris upon payment of the money advanced by plaintiff to him. He denies that he owed Harris anything, and prays that an accounting be had between them as to the matters and transactions that have occurred between them in reference to such agency, and that the case be transferred to the chancery court for that purpose, and files an itemized account between himself and Harris as an exhibit to the complaint.

The case was thereupon referred to the chancery court. The defendants appeared in the chancery court and filed a motion asking that the case be remanded to the law court. This motion was overruled, and the defendants excepted.

On the hearing the chancellor found that Harris was indebted to the plaintiff under the terms of his contract as agent in the sum of $418.74, and gave judgment accordingly, from which defendants appealed.

*J. I. Alley,* for appellant.

1. The case should have been remanded to the law court. Appellants were entitled to a jury trial. 71 Ark. 222; *id.* 484. The sureties are at best only indorsers upon the premium notes, and, such being the case, when the notes were presented for payment, and payment was refused, they were entitled to notice of that fact. 76 Ark. 128; 14 Ark. 127; 11 Ark. 504; 69 Ark. 270; 26 Ark. 155.

2. By the terms of the contract, the notes were the property of the appellant; and that they were so regarded by him is evidenced by his reply to Alley in effect that Harris was not in arrears. 76 Ark. 373. In 64 Ark. 82 the surety was held liable, but he had not called upon the company for information as to the state of the agent's account; while in this case Alley did inquire. Appellant's concealment of Harris's default, coupled with his consent to Harris leaving the State, left the sureties without protection and amounted to a fraud upon their rights. 76 Ark. 130. And appellant had no right to carry the notes without collection. 59 Ark. 86; 64 Ark. 82; 50 Ark. 229.

*Myers & Bratton,* for appellee.

1. Appellant asked for what was equivalent to an accounting, and can not complain that the case was transferred to equity. Even if it was error to refuse to remand to the law count, which is not conceded, it was invited error, of which they can not complain. 77 Ark. 468; 69 Ark. 140; 72 Ark. 63. Complicated accounts containing mutual items should be adjusted in equity. 31 Ark. 345; 51 Ark. 198; 49 Ark. 575. And in matters of account courts of law and equity exercise concurrent jurisdiction. 48 Ark. 434; 6 Cyc. 418.

2. This case having been heard by the chancellor with the witnesses all before him except one, his findings are much akin to that of a circuit court sitting as a jury, are as conclusive, and will not be disturbed unless there is a total want of evidence to support them. 40 Ark. 144; 23 Ark. 208; 60 Ark. 250; 25 Ark. 562; 38 Ark. 139; 53 Ark. 61. Even upon depositions a chancellor's finding of facts will not be set aside unless contrary to a clear preponderance of the evidence. 68 Ark. 314; *id.* 134; 72 Ark. 67; 73 Ark. 489.

3. It is not disputed that the indebtedness claimed was contracted on account of and in connection with the agency, and, this being true, the sureties are liable. 64 Ark. 189.

4. There is no evidence upon which to base contention that appellant refused information as to the condition of Harris's account.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment rendered by the chancery court in an action brought by a general agent of a life insurance company against a subagent appointed by him and the securities on the bond of such agent. The action was commenced in the circuit court and transferred from that court to the chancery court on motion of the plaintiff over the objection of the defendant..

The first contention made in the argument of the counsel is that it was a law case, and the circuit court erred in transferring it to the chancery court, and that it should have been remanded to the law court for trial. But this case involved an accounting between a principal and an agent covering business transactions between the two for a number of months, in which there were many items for and against each party to the contract,

and equity had jurisdiction. *State* v. *Churchill*, 48 Ark. 434; 1 Cyc. 418. In matters of account there are many cases in which the jurisdiction of the law and equity courts is concurrent. But, although the circuit court may have had jurisdiction, yet when, as in this case, the law court has transferred the case to the equity court, and that court had thereupon assumed jurisdiction and tried the case, this court will not overturn the decisions of those courts on that point unless there was manifest error to the prejudice of the party complaining. There was no such error here, and the contention of the appellants on that point must be overruled. *Bagnell Tie & Timber Co.* v. *Goodrich*, 82 Ark. 547; 1 Cyc. 418.

The issues submitted to the chancellor in determining whether the defendant Harris was indebted to the plaintiff, and whether the sureties on his bond were liable for such debt, were purely questions of fact which it would serve no purpose to discuss, for the evidence supports the chancellor's finding. It is said that when one of the sureties wrote Remmel telling him that the sureties desired to be released from the bond he assured them in reply that Harris was not in arrears. But no such letter appears in the transcript; and if a letter of the kind was written, it would not estop Remmel from bringing this action, for he does not demand of the defendant sureties any debt or liability incurred by the agent after that time, and it does not appear that they were in any way misled or injured by such letter if written. Like any case in which the court is asked to compel sureties who have received nothing to pay a debt of their principal, there is a hardship involved, but we see no grounds to reverse the finding of the chancellor who tried the case.

Judgment affirmed.