ANDERS v. ROARK.

Opinion delivered May 12, 1913.

1. LIMITATIONS—MARRIED WOMAN.—Title by adverse possession for seven years can not be built up against a married woman. (Page 252.)

2. LACHES—WHEN NO DEFENSE.—The doctrine of laches has no application to a case where plaintiff is not seeking equitable relief, when plaintiff, a married woman, sues defendant in ejectment, to enforce a legal title, and her action is not barred by the statute of limitations. (Page 252.)

3. ACTIONS—TRANSFER FROM LAW TO EQUITY.—Where a cause of action is purely one at law, it is error to transfer to equity, when no ground for equitable relief is alleged in the answer, save the plea of laches, which could not be availed of. (Page 252.)

4. APPEAL AND ERROR—ERRONEOUS TRANSFER TO EQUITY CAN NOT BE TAKEN ADVANTAGE OF, WHEN.—Where a cause of action has been erroneously transferred to equity upon motion of defendant, defendant can not take advantage of the error, and plaintiff, being entitled to judgment, the cause will be remanded with directions to enter judgment in favor of the plaintiff. (Page 253.)

Appeal from Bradley Chancery Court; *Z. T. Wood,* Chancellor; reversed.

STATEMENT BY THE COURT.

Appellants brought suit in ejectment for the possession of an undivided interest in certain lands, alleged to be unlawfully held by appellees and for damages for timber taken therefrom.

The complaint alleges that E. R. Anders is a married woman and the wife of her co-plaintiff, to whom she was married in 1867; that she is the daughter of Jesse and Nancy Goodman, all of whose children died in infancy, except appellant and her brother, Jesse Goodman, Jr., and that her father became the owner of the lands under the homestead laws and patent issued in the year 1852. That he built a dwelling house upon the land and cleared and cultivated the same until his death in 1855; that his widow continued her residence upon the land with her children until her marriage to Bennett Cooper in the year 1858, and with him continued to live thereon until her death in the year 1876. That her husband Bennett Cooper, was left in the possession of the lands until 1889, when he attempted to convey them by warranty deed to W. H. Wheeler on December 26, 1888. That Wheeler conveyed the lands to Culbreath in March, 1891, who conveyed them to the defendants on May 10, 1907. That the plaintiffs are the sole surviving heirs of Jesse Goodman, Sr., and entitled to one-half interest in the lands and homestead, J. Goodman, Jr., being barred by laches and limitations and that the coverture of E. R. Anders prevented the running of the statute of limitations against her, and she received no gifts or advances from her father's estate, which could be charged to her as her interest therein.

The answer admits the allegations of the complaint, except it denies thàt the appellants are the owners of the lands and alleges that E. R. Anders married in the year 1867, "and that she has lived without asserting any claims to the lands in suit for 43 years since that date and to the institution of the suit and has knowingly per-

mitted divers and various persons to purchase, hold, improve, cultivate and pay taxes on the land and that each holder has asserted hostile claims to the plaintiff; that defendants and their grantors have for more than forty years had the exclusive possession of the premises, holding the same peaceably, continuously and openly, claiming to be the owners of the fee; that defendants' claim and hold the said lands as innocent purchasers, and by adverse possession. That plaintiffs are guilty of such laches as ought to estop them from a recovery of the premises.''

The plaintiff filed a demurrer to the answer, which was overruled and the cause transferred to equity over their objections.

The testimony shows the facts to be as alleged in the complaint and E. R. Anders in explanation of her long acquiescence in the possession of the lands by others said it was because she had no knowledge that she was entitled to them until she raised a boy large enough to look into the matter. She lived near the lands in controversy and knew the improvements were being made upon them and made no objections thereto.

The testimony does not disclose any conduct upon her part calculated to induce the appellees or those under whom they claim, to purchase the land, although T. D. Roark stated that during the time he was engaged in making the improvements thereon that he heard Mrs. Anders say her father died and she never got anything out of the estate, but she never seemed to have any claim, saw them making the improvements, but did not forbid it being done. It was also shown that appellees had made about $1,500 worth of improvements since their purchase of the lands in 1891.

The court found that the plaintiffs, by neglect to assert their rights for a period of forty years and their failure to pay taxes on the lands abandoned all rights thereto and are estopped by laches and their conduct from asserting title to the land and confirmed defendant's title and dismissed the complaint at plaintiff's cost.

From this judgment this appeal comes.

*B. L. Herring,* for appellants.

1. The coverture of Mrs. Anders exempted her from the operation of the statute of limitations and from the effects of adverse possession. 73 Ark. 221, 226.

2. Appellants are not chargeable with laches, because of mere delay. Moreover, laches could not properly be pleaded in this case, beng an ejectment suit wherein the relief sought by appellant is strictly cognizable at law and not in equity. The doctrine of laches has no application. 100 Ark. 399, 403; 140 S. W. 278-9; 94 Ark. 122; 62 Ark. 316.

*Poole & Speer, John E. Bradley* and *R. W. Baxter,* for appellees.

1. The evidence shows a clear case of laches and appellants are estopped. 55 Ark. 92, 95; 81 Ark. 352; *Id.* 432; 90 Ark. 430; 93 Ark. 298; 83 Ark. 385; 101 Ark. 234; Bisp. Prin. Eq. (4 ed.), § 287; 12 Am. & Eng. Enc. of L. (1 ed.), 533, 534; 1 Johns. Cas. (N. Y.) 436. See also, 42 Ark. 300; 39 Ark. 131; 33 Ark. 468; 87 Ark. 232; 24 Ark. 399; 64 Ark. 345; 78 N. Y. 159; 2 Pomeroy, Eq. Jur. (2 ed.), § 779; 96 U. S. 855.

2. When a defendant is sued at law, he must present all his defenses, both legal and equitable, and if any of them are exclusively cognizable in a court of chancery, it is his right to have the case transferred to the chancery court. Sandels & Hill's Dig., § 5619; Kirby's Dig., §§ 6098, 5995; 76 S. W. 1063; 70 Ark. 505; 71 Ark. 484; 57 Ark. 500; 85 Ark. 25.

WOOD, J., (after stating the facts). There is no dispute, whatever, as to the facts in this case, except relative to the conduct of appellant, Mrs. Anders, during the time of the making of the improvements upon the land in controversy by appellees, and there is no testimony tending to show any conduct upon her part that would have induced appellees or their grantors to purchase said lands, or mislead them to think that she had no claim thereto, except the fact that she lived long in the locality near them without asserting any title thereto or paying taxes thereon.

Her father died in 1855, leaving her mother, herself and the other children in possession of the lands, his homestead; she thereafter married in 1867, and has ever since been a married woman, and her mother and the other children resided upon the lands until the death of the mother in 1876, and certainly no claim adverse to her interest arose or could have arisen before that time, because the homestead could not be partitioned, and under the law the mother had the prior right thereto. *Johnson v. Turner,* 29 Ark. 280; *Lindsey v. Norrill,* 36 Ark. 545. And she was a married woman and under disabilities from 1867, long before the death of her mother, and exempt on that account from the operation of the statute of limitations and a title under adverse possession could not be built up against her.

In the case of *Harvey v. Douglass,* 73 Ark. 221, this court said: "The seven-year statute could not apply because the agreed statement of facts was that Mrs. Douglass has been a married woman ever since a date prior to this sale and the possession of defendants. Title by adverse possession for seven years can not be built up against a married woman." (Citing cases.)

The court erred in transferring the cause of action, which was purely one at law, to the court of equity, no equitable relief being alleged in the answer, except the plea of laches, which could not be availed of at law.

In *Davis v. Neal, et al,* 100 Ark. 399, 140 S. W. 278, the court said:

"In the case of *McFarland v. Grober,* 70 Ark. 371, the court held: 'The doctrine of laches has no application to a case where the plaintiff is not seking equitable relief, but to enforce a legal title, and where her action is not barred by the statute of limitations in reference thereto.' "

And in *Taylor v. Leonard,* 94 Ark. 122, "The doctrine of laches does not apply to a case where one is seeking to enforce a legal right, and where the right to assert that title is not barred by the statute of limitations. In the case of *Roland v. McGuire,* 67 Ark. 320, it is said: 'The right to plead such fact (laches) as a defense is sub-

ject to the important limitation that it is confined to claims for purely equitable remedies, to which the party seeking to enforce them has no strict legal right.' In the case of *McFarland* v. *Grober,* 70 Ark. 371, it is said: 'The doctrine of laches, invoked by the defendant, does not apply to a case where the plaintiff is not asking any equitable relief, but seeks only to enforce a plain legal title in a court of law, and where her action is not barred by the statute of limitations in reference thereto.' And this principle is equally applicable in a case where a defendant interposes his legal title in a court of equity as a defense against one seeking to establish title to the land."

"It is true a married woman may be estopped to claim real estate, but mere silence or inertness will not suffice to work an estoppel." *Fox* v. *Drewry,* 62 Ark. 316.

It follows that the court erred, both in the transfer of the case and the rendition of the decree. The appellees, however, are not in a position to complain of the transfer of the case to equity, made upon their motion, and the decree is reversed and the cause remanded with directions to enter a decree for appellants for possession of the lands.