GALLOWAY *v*. BATTAGLIA.

Opinion delivered April 8, 1918.

1. FORECLOSURE—ADULT, NON-RESIDENT MARRIED WOMAN—EFFECT OF APPOINTMENT OF GUARDIAN AD LITEM.—In an action of forclosure the appointment of a guardian *ad litem* for an adult, non-resident married woman is improper, but where proper service was had by warning order, the appointment of the guardian *ad litem* will not render the proceedings void.

2. TAX SALES—FORFEITURE—PURCHASE BY PARTY BOUND TO PAY.—Where a person bound to pay taxes permits the same to forfeit, his subsequent purchase from the State will be treated as a redemption.

3. FORFEITURE AND REDEMPTION—RIGHTS OF LIFE TENANT AND REMAINDERMAN.—When a life tenant permitted lands to forfeit to the

State for the non-payment of taxes, but later purchases the land from the State the remainderman, not having redeemed, loses his right to work a forfeiture of the life estate, by himself redeeming the land, as provided in Kirby's Digest, § 7132.

4. COVERTURE—LIMITATIONS—Appellant's right to assert her claim in her father's homestead is not barred by the seven years statute of limitation, she being a married woman.

5. TAX SALES—REDEMPTION—COLOR OF TITLE.—A tax purchase which is treated as a redemption does not operate as color of title under which title can be acquired.

6. LACHES—LEGAL RIGHT.—A plaintiff can not be defeated in the assertion of a legal right by being required to defend an action brought by the adverse party who, himself, prays equitable relief; and the doctrine of laches does not apply in such a case.

Appeal from Jefferson Chancery Court; *John M. Elliott*, Chancellor; reversed.

*Irving Reinberger*, for appellant.

1. Martha Mitchell was the life tenant in possession of the lot. Her purchase at tax sale was a mere redemption from the tax sale. 70 Ark. 375.

2. Appellant was not guilty of laches. She is seeking no equitable relief but sets up a legal title. She is not barred by limitation, being a married woman. 70 Ark. 371; 67 *Id.* 320; 108 *Id.* 248; 100 *Id.* 399.

3. There was no duty or necessity to resort to legal or equitable remedies until some one threatened to destroy or impair her rights. 70 Ark. 256; 88 *Id.* 404.

4. Laches was no defense, as she was only asserting a legal right. 94 Ark. 122; 96 *Id.* 541.

5. Appellees were not injured by appellant not filing her claim earlier, but if there was injury it was after they had knowledge of her interest. Any improvements made were at their peril. 126 Ark. 93.

6. She was not served with process and had no knowledge of the suit. 34 Ark. 391.

7. All improvements were made after appellees had purchased and had knowledge of her rights. They were not made in good faith without knowledge of an outstanding title. 67 Ark. 189; 89 *Id.* 323.

*Taylor, Jones & Taylor,* for appellees.

1. The foreclosure sale in *Hunn* v. *Mitchell* was a judicial sale, and appellant is barred. Kirby's Digest, § 5060; 96 Ark. 54. In such sales there is no exemption in favor of married women. 79 Ark. 410. She was served by warning order.

2. She is barred by limitation which began on the death of her first husband.

3. It is not disclosed that Martha Mitchell was a life tenant in possession at the time of the tax forfeiture. All of appellee's grantors were adults and appellant was older than the other heirs. Appellees have been in possession for more than the statutory period under a tax deed. No exceptions are made in favor of married women. Kirby's Digest, § 5061; 53 Ark. 419; 71 *Id.* 117; 124 *Id.* 379; 84 *Id.* 615.

4. Appellant is barred because the property was a homestead and she failed to bring suit within seven years after alienation by the widow. 79 Ark. 410; 65 *Id.* 70.

5. The homestead was abandoned on the execution of the deed to Jones and Bloom, and appellees have been in possession until the filing of the petition to confirm their title. She had knowledge but took no steps. Expensive improvements have been made. The long delay estops her. 126 Ark. 93; 103 *Id.* 259. Laches can be pleaded. 84 Ark. 145. Upon the whole case findings of the chancellor are correct.

SMITH, J. Appellees instituted this proceeding by filing a petition for the confirmation of their title to lot 1, block 7, of Woodruff's Addition West to the city of Pine Bluff. It was there alleged that the lot had forfeited and been sold to the State for the nonpayment of the taxes for the year 1892, and that after having been duly certified to the State was purchased from the State by one Martha Mitchell on July 6, 1895. Martha Mitchell conveyed this lot, except sixty feet off the south end, to Jeff Austin, who reconveyed the land to her. On October 27,

1902, Martha Mitchell, as widow of John C. Morris, together with certain heirs of John C. Morris, conveyed the lot by warranty deed to Jones and Bloom, who on July 24, 1914, conveyed to petitioners, who prayed a confirmation of their title.

An answer and intervention was filed to the petition by Florence Galloway, in which she alleged that she was a daughter of J. C. Morris and, as such, owned an undivided one-fifth interest in the lot. That she was a daughter by her father's first marriage, and that upon the death of her mother, her father married Martha Mitchell, and four children were born of that union. That her father owned the lot at the time of his death, and the same constituted his homestead, and that Martha Mitchell remained in possession thereof by virtue of her homestead right after the death of J. C. Morris. Intervener Florence Galloway was herself twice married, and she remained a widow, for only about one year, and her second marriage took place on September 30, 1900, since which time she has been a married woman. Her first marriage occurred August 28, 1894.

An answer and cross-complaint was filed, in which it was alleged that J. C. Morris had, on June 27, 1878, executed a deed to the south sixty feet of said Lot No. 1 to H. H. Hunn, and a suit was brought by him, in which he alleged that this conveyance, though, in form, a deed, was, in fact, a mortgage, and a foreclosure thereof was prayed. The widow and heirs of J. C. Morris, including the intervener, were made parties defendant to this foreclosure proceeding, and a decree of foreclosure was entered fixing a lien upon the property for the sum due Hunn, and a commissioner was appointed to sell the lot in default of payment, and at the sale had pursuant to the terms of this decree Hunn became the purchaser of the land, and received a deed from the commissioner therefor. Hunn thereafter conveyed to Bloom and Jones, who in turn, conveyed to petitioners. Possession under this title for a period of more than seven years was al-

leged. Petitioners reasserted their ownership of the lot under the tax forfeiture and sale set out as stated above in their original petition for confirmation. Petitioners alleged that they made valuable improvements under the belief that they held a fee simple title to the property, wherefore they say that intervener is barred both by laches and limitation from asserting any claim of title to the lot in question. The court found that intervener knew of the possession of petitioners and their predecessors in title, and of the improvements they were making, and that she was barred by laches from asserting her title to the lot in question, and this appeal has been duly prosecuted.

(1) It appears that, at the time of the foreclosure proceeding, intervener was a resident of St. Louis, Missouri, and that constructive service was had against her by the publication of a warning order. . For some reason, not made clear, a guardian *ad litem* was appointed for intervener in this proceeding, and it is now said that, as she was not an infant at the time of the rendition of the decree in the case of *Hunn* v. *Martha Mitchell et al.,* the proceeding, as against her, was irregular and void on this account. Such, however, cannot be the effect of the erroneous appointment of a guardian *ad litem* for an adult defendant who had been properly summoned by the publication of a warning order. There was, of course, no necessity for the appointment of a guardian *ad litem* for an adult defendant, even though she were a married woman; but, as the service was complete and sufficient, without the appointment of this guardian *ad litem,* that unnecessary action can not, and does not, defeat what is otherwise a valid and sufficient service.

It appears, therefore, that, as to this south sixty feet of Lot No. 1, the petitioners have, not only color of title, but the actual title to that portion of the lot. The foreclosure proceeding, and the deed made thereunder, is conclusive of the title to that portion of the lot.

(2)  As to the tax title under which petitioners attempt to assert title to the remainder of the lot, it may be said that it was the duty of Martha Mitchell to pay the taxes for which the land was permitted to forfeit and sell, and the deed which she subsequently obtained from the State must be regarded as a mere redemption of the land from that sale. It is thoroughly well settled, by the decisions of this court, and by the authorities generally, that a life tenant, whose duty it is to pay the taxes, can not permit a sale of the land for taxes, and thus acquire the interest of the remainderman. Such purchases are regarded as mere redemptions. *Inman* v. *Quirey,* 128 Ark. 605.

Petitioners are not in position to avail themselves of the benefit of the provisions of section 7132 of Kirby's Digest by saying that the life tenant had abandoned or forfeited her estate. This section provides that, if any person seized of lands for life, shall neglect to pay the taxes thereon so long that such lands shall be sold for the payment of the taxes, and shall not within one year after such sale be redeemed according to law, the life tenant shall forfeit to the person next in title to said land in remainder or reversion this life estate, and the remainderman or reversioner may then redeem the land in the same manner that other lands may be redeemed after being sold for taxes, and, moreover, that the life tenant so neglecting to pay taxes as aforesaid shall be liable to the one next in title to the estate for all damages such person may have sustained by such neglect.

(3)  In the case of *Magness* v. *Harris,* 80 Ark. 583, we said that the manifest purpose of this statute is to afford the remainderman an opportunity to redeem during the last of the two years allowed by law for redemption of lands from a valid tax sale, and to cause a forfeiture of the estate of the life tenant for failure to redeem from such sale within the first year. It was the duty of Martha Mitchell, as the widow of Morris, to pay the taxes on the portion of this lot which she was occupying as her home-

stead, and, when she failed to do so and the land had been unredeemed from the sale for a period of one year, intervener, and the other heirs of Morris, had the right to declare the life estate forfeited and to take possession of the land. But they did not do so. Upon the contrary, they permitted the life tenant to redeem the land by purchasing it from the State, and, not having asserted the forfeiture while the land was unredeemed and this could have been done, they waived their rights to assert this forfeiture by permitting the widow, who had continued to remain in possession of the lot, to redeem it as aforesaid. 16 Cyc. p. 647, subd. (e) of par. on Termination of Estates; 17 R. C. L., sec. 44, p. 650; 1 Washburn on Real Property (6th ed.), sec. 244.

(4) It is insisted that the conveyance by Martha Mitchell, as widow of Morris, and her children, who were his heirs, under date of October 7, 1902, to Jones and Bloom, was an abandonment of the homestead, which conferred upon the heirs the right of entry and set in motion the statute of limitations against the intervener, wherefore having waited more than seven years before attempting to assert her claim of title, after her right to do so arose, by virtue of the sale to Jones and Bloom, she is now barred by the statute of limitations. Such would be the case but for the fact that intervener, during all of this time, was a married woman, and the seven years statute of limitations did not run against her. *Anders* v. *Roark,* 108 Ark. 248.

(5) It is also said that intervener is barred by section 5061 of Kirby's Digest, because of the possession of appellees and their predecessors in title under the deed from the State to Martha Mitchell, based upon the sale for taxes for the year 1892. The case of *Inman* v. *Quirey,* 128 Ark. 605, however, is against this position. It was there held that a tax purchase, which was treated as a redemption, did not operate as color of title under which title could be acquired, and the doctrine of that case is controlling here.

(6)   The decree of the court below, as stated, was based upon the ground that intervener had been guilty of laches in failing to assert her title to the land.   That doctrine has no application here, however, because she is not asking any equitable relief, and she is not to be defeated in the assertion of a legal right by being required to defend an action brought by appellees, who, themselves, pray equitable relief. *Anders v. Roark, supra.*

It follows, therefore, that intervener is not barred, either by laches or limitation, from asserting her title to the undivided one-fifth interest which she has by inheritance from her father, which was not lost by the foreclosure proceeding.   She takes this interest, however, subject to the claim of appellees for betterments, who with actual title to a portion of the lot and color of title to the remainder, made valuable improvements in good faith; but under the view of the court below, it was unnecessary to consider that question, and it was not, therefore, fully developed, and the cause will be remanded for a further hearing on that issue.