HILL *v.* SCHULTZ.

Opinion delivered May 5, 1930.

*Eugene Sloan,* for appellant.

*O. H. Hurst* and *Dudley & Dudley,* for appellee.

SMITH, J. J. H. Jones owned a forty-acre tract of land, which was his homestead at the time of his death, which occurred in 1908. He was survived by his widow, Mrs. Luna Jones, and four children. Mrs. Jones continued to reside on the land, and in October, 1923, she married E. P. Schultz, and she and her second husband have since resided on the land. She and Mr. Schultz executed several mortgages on the land, which instruments purport to convey a fee simple title. The last of these mortgages was executed June 30, 1927, and on June 7, 1928, three of Mrs. Schultz's children brought this suit, alleging the abandonment of the homestead as the result of these mortgages. Later the complaint was amended to allege that Mrs. Schultz had forfeited her life estate in the land by failing to pay the taxes due thereon over a period of several years. The land was redeemed from the tax sales by Mrs. Schultz before the complaint was amended to raise this question.

The chancellor found that there had been no abandonment of the homestead on account of the mortgages, and that the life estate had not forfeited on account of the nonpayment of the taxes, and this appeal is from that decree.

It is settled that the widow may abandon her homestead; whether she has done so or not is a question of intention. *Butler* v. *Butler,* 176 Ark. 126, 2 S. W. (2d) 63. If she sells and conveys the homestead, the presumption of abandonment is conclusive, but a mortgage is not a sale.

It was held in the case of *Moore* v. *Tillman,* 170 Ark. 895, 282 S. W. 9, that a mortgage of land, entered for homestead purposes, by the entryman, prior to obtaining his patent or making final proof entitling him to a patent, was not an alienation of the land within the prohibition of Revised Statutes United States, § 2291, which section requires the entryman to make affidavit, before obtaining his patent, to the effect that no part of the land entered has been alienated. The entryman in that case had given a mortgage, and in holding that this was not an alienation it was there said: "But an analysis of these very cases will discover that a mortgage of lands is not a conveyance thereof carrying the absolute and unrestricted title thereto. On the contrary, while a mortgage at law does carry the legal title, it is not, either at law or in equity, an absolute unconditional and indefeasible title. It becomes such only after the mortgagor has breached the condition of the mortgage and his equity of redemption has been foreclosed. In other words, while the legal title under the law does vest in the mortgagee, still this is only for the purpose of enabling him to obtain security for the satisfaction of the debt or obligation due him by the mortgagor; and, when that satisfaction is obtained, the legal title vests and remains in the mortgagor without the necessity of a reconveyance from the mortgagee. Thus, after all is said and done, a mortgage, in common parlance as well as legal acceptation, is an instrument evidencing a security for debt—the conveyance or instrument to be void upon the discharge of the debt or obligation. As is well said in 19 R. C. L. page 242, § 2, 'harmony and consistency have been achieved only by the complete adoption, by judicial decision or statute, of the

original equitable conception that a mortgage is in fact a security—nothing more, nothing less!' "

There has been no foreclosure of the mortgages executed by Mr. and Mrs. Schultz, and her possession has not been disturbed by reason thereof, and we, therefore, hold that the execution of the mortgages was not an abandonment of the homestead.

We are also of the opinion that the chancellor was correct in holding that there had been no forfeiture of the life estate under § 10054, C. & M. Digest, through failure to pay taxes. Redemptions were perfected before the question was raised. The case of *Galloway* v. *Battaglia*, 133 Ark. 441, 202 S. W. 836, is conclusive of this question. It was there said: "In the case of *Magness* v. *Harris*, 80 Ark. 533, [98 S. W. 362], we said that the manifest purpose of this statute is to afford the remainderman an opportunity to redeem during the last of the two years allowed by law for redemption of lands from a valid tax sale, and to cause a forfeiture of the estate of the life tenant for failure to redeem from such sale within the first year. It was the duty of Martha Mitchell, as the widow of Morris, to pay the taxes on the portion of this lot which she was occupying as her homestead, and, when she failed to do so, and the land had been unredeemed from the sale for a period of one year, intervener, and the other heirs of Morris, had the right to declare the life estate forfeited, and to take possession of the land. But they did not do so. Upon the contrary, they permitted the life tenant to redeem the land by purchasing it from the State, and, not having asserted the forfeiture while the land was unredeemed and this could have been done, they waived their rights to assert this forfeiture by permitting the widow, who had continued to remain in possession of the lot, to redeem it as aforesaid. (Citing authorities)."

The decree of the court below is correct, and is therefore affirmed.