## ROGERS IRON & METAL CORPORATION
### *v.* K & M, INC.

CA 87-161                                              738 S.W.2d 110

Court of Appeals of Arkansas
Division I
Opinion delivered October 28, 1987

*Constance G. Clark* of *Davis, Cox & Wright*, appellant.

*Craig A. Campbell* of *Matthews, Campbell & Rhoads, P.A.*, for appellee.

DONALD L. CORBIN, Chief Judge. Appellee, K & M, Inc., brought suit on open account to collect the sum of $9,957.31 for repair work it performed for appellant, Rogers Iron & Metal Corporation. Appellant answered the complaint raising the affirmative defense of laches and motioned the court to transfer the lawsuit to equity. The circuit court found the doctrine of laches inapplicable to an action at law brought within the statute of limitations, denied appellant's motion to transfer and gave appellee judgment of $9,957.31 together with its costs of $80.25. Appellant appeals contending the trial court erred in denying its motion to transfer the lawsuit to equity and finding appellee's cause of action was not barred by laches. We find no error and affirm.

Appellee filed suit for payment of work it performed on appellant's vehicles between October 3, 1983, and February 18, 1985. Appellee acknowledged at trial that although appellant had been requesting invoices from appellee for its services since

October 3, 1983, it was not until September 5, 1985, that it presented its invoices to appellant for payment. Appellant contends that, because it was not presented with appellee's invoices until nearly two years after the first charges were incurred, it was not able to verify whether appellee actually performed the work and whether the charges shown on the invoices were reasonable. Appellant concludes it was prejudiced by appellee's delay in presenting its invoices, and the doctrine of laches should be applied to bar the enforcement of appellee's claim.

The doctrine of laches is only applicable where equitable relief is sought; where a party is only seeking to enforce a legal right not barred by the statute of limitations and is not seeking equitable relief, the doctrine of laches has no application even if it could otherwise apply. *Rinke* v. *Schuman*, 246 Ark. 976, 440 S.W.2d 765 (1969); *see also Kitchens* v. *Wheeler*, 200 Ark. 671, 141 S.W.2d 34 (1940); *Smith* v. *Maberry*, 148 Ark. 216, 229 S.W. 718 (1921). "The doctrine of laches has no application where the plaintiffs are not seeking equitable relief, but to enforce a legal title and where their action is not barred by the statute of limitations in reference thereto." *Lesser* v. *Reeves*, 142 Ark. 320, 327, 219 S.W. 15 (1920); *see also Waits* v. *Moore*, 89 Ark. 19, 115 S.W. 931 (1909).

In the case at bar, appellee sued appellant to obtain a money judgment, an action at law, against which laches is not a defense. Appellee's action was brought within three years of the date the charges were incurred and thus was not barred by the statute of limitations. See Ark. Stat. Ann. § 37-206 (Repl. 1962); *Accord St. Francis Valley Lumber Co.* v. *Orcutt*, 174 Ark. 282, 295 S.W. 713 (1927).

We also find no merit in appellant's allegation that the trial court erred in denying its motion to transfer the lawsuit to equity.

Under the Arkansas Constitution, circuit courts are the reservoir of unassigned judicial power; they have original jurisdiction in all cases where jurisdiction is not expressly vested in another court. *Russell* v. *Cockrill, Judge,* 211 Ark. 123, 199 S.W.2d 584 (1947). The correct way to determine the circuit court's jurisdiction is to first determine what class of cases are expressly entrusted to the

jurisdiction of other tribunals, with the great residuum belonging concurrently or exclusively to the circuit court. *State* v. *Devers*, 34 Ark. 188 (1879).

*Pinckney* v. *Mass Merchandisers, Inc.*, 16 Ark. App. 151, 153-4, 698 S.W.2d 310 (1985). The circuit court has jurisdiction of an action on an account. *Accord Harris* v. *Remmel*, 83 Ark. 1, 102 S.W. 716 (1907).

Appellant is correct in stating that if a defendant alleges a defense in his answer which is exclusively cognizable in equity, he is entitled to have such defense tried as in equitable proceedings and the case transferred to equity. Ark. Stat. Ann. § 27-212 (Repl. 1979); *see also Poultry Growers, Inc.* v. *Westark Production Credit Association*, 246 Ark. 995, 440 S.W.2d 531 (1969). Nevertheless, it was not improper to refuse to transfer the case at bar because no equitable defense was pled, except the defense of laches, which is not available to appellant. *See Berg* v. *Johnson*, 139 Ark. 243, 213 S.W. 393 (1919) which held there were no grounds for transferring a cause to the chancery court, where the plaintiff sought only a legal remedy, and defendant offered no equitable defense, except the plea of laches, but the plea was not available where no equitable relief was sought in the complaint. *See also Anders* v. *Roark*, 108 Ark. 248, 156 S.W. 1018 (1913).

Because laches was not available as a defense in the case at bar the trial court did not err in refusing to transfer the suit to chancery court.

Affirmed.

JENNINGS and COULSON, JJ., agree.