## ARNETT V. MCCAIN, ADM.

1. JURISDICTION: *Appellate.*
  It is the essential criterion of appellate jurisdiction that it revises and corrects errors committed in the progress of a cause, but does not create the cause.

2. APPEALS: *Parties to.*
  Heirs of a decedent who were not parties to the suit of an administrator in the court below for the sale of this decedent's land for the payment of his debts, can not prosecute an appeal or writ of error from the judgment of the lower court. None but parties to the proceedings below, or the legal representatives of parties, can prosecute an appeal or writ of error. The case of *Gregg v. Gregg, 33 Ark., 89,* is on this point disapproved.

ERROR to *Drew* Circuit Court.
Hon. H. B. MORSE, Judge.

*J. M. and J. G. Taylor* for Plaintiffs in Error.

Contend that plaintiffs in error can prosecute the writ of error, and cite *Tidds Prac., 1189.* Any party, his privies, or any one *prejudiced* or who *might be prejudiced* by the judgment, may maintain error to reverse it. *7 J. J. Marsh., 642; 4 T. B. Mon., 152; 3 Green Law, 45; 2 Saund., 46; 6 Wheat, 260–64; 1 Georgia, 495; 6 Metc., 194; 9 Dana, 526; Gregg v. Gregg, 33 Ark., 89.*

*U. M. and G. B. Rose* for Defendants in Error.

No one except parties to the record can prosecute a writ of error. *1 Ark., ·19; Ib. 20, 21;· 7 Id., 73; Ib., 246, 387; 8 Id., 399; 9 Id., 347; 20 How. 219; 13 Wall, 187; 1 Barb., 11; 18 Ill., 133; 1 Florida, 133.*

*Sec. 1289, Mansf. Dig.* does not aid plaintiff.

*Gregg v. Gregg, 33 Ark., 89,* is not an authority. This point was overlooked.

Besides a writ of error can only be brought by one prejudiced by the judgment. *18 Ala., 34; 16 Conn., 436; 1 Fla., 133.* Here the rights of plaintiffs were expressly saved by the order of sale.

SMITH, J. Samuel F. Arnett died intestate and insolvent in the year 1872, leaving a widow and two young children, and being the owner of a lot in the town of Monticello, which was his homestead. W. S. McCain was appointed his administrator, and debts to the amount of near fifteen hundred dollars were proved. In 1873, at the instance of John A. and James M. Owens, two of these creditors, the circuit court, which was then invested with jurisdiction in matters of probate and administration, directed the administrator to sell the lot, subject to the widow's dower and homestead right. To the petition praying for this relief the administrator was the sole defendant. The sale was made and approved and the lot was conveyed to the purchaser.

Arnett's children, who, it seems, are still minors, sue out a writ of error to reverse the order of sale. The sole defendant in error is the above-named administrator.

1. Appellate jurisdiction.

It is the essential criterion of appellate jurisdiction that it revises and corrects errors committed in the progress of a cause already instituted, but does not create the cause. *Marbury v. Madison, 1 Cranch., 49; Allis, ex parte, 12 Ark., 101.*

2. APPEALS:— Parties to.

The plaintiffs in error can not prosecute this writ. They were not parties below, nor are they the legal representatives of any one who was a party. No judgment was given against them. They are consequently not aggrieved, but stand unaffected by the decree. The parties named in the record sent up are not the same as those named in the writ of error. And a

stranger is never permitted, after final judgment, to prosecute an appeal or a writ of error. *Hudspeth v. State, 1 Ark., 20; Jackson v. Wright, 6 Id., 387; Borden v. State, 8 Id., 399; Chicot County v. Tilghman, 26 Id., 461; Johnson v. Williams, 28 Id., 478; Austin v. Crawford County, 30 Id., 578; Payne v. Niles, 20 Howard, 219.*

Counsel have been misled by *Gregg v. Gregg, 33 Ark., 89,* where the right of an heir to bring error in a case like this was allowed to go unchallenged. That cause was not argued for the defendant in error, and the point was unquestionably overlooked. So far as it impliedly sanctions such a practice, the case is disapproved.

.The writ of error is dismissed.