## SCOTT *v.* PENN.

Opinion delivered December 22, 1900.

1. ADMINISTRATION—ALLOWANCE—RIGHT OF APPEAL.—The devisees of a testator cannot appeal from an order of allowance of a claim against the estate, not being parties to the record. (Page 495.)

2. EQUITY—JURISDICTION—FRAUD.—Chancery has jurisdiction to set aside the allowance of a claim in the probate court obtained by fraud. (Page 495.)

3. PAYMENT—PRESUMPTION FROM LAPSE OF TIME.—A finding of the chancellor that a claim against testator's estate in favor of his brother had been paid is supported by proof that twelve years have elapsed since the claim was barred, and that claimant has made no effort to collect it, although he resided near the testator. (Page 495.)

Appeal from Little River Circuit Court in Chancery.

WILL P. FEAZEL, Judge.

STATEMENT BY THE COURT.

This is an appeal from a decree in chancery setting aside the allowance by the probate court of Little River county of a claim for $1,200 in favor of the appellant, Thomas M. Scott,

against the estate of his deceased brother, Robert N. Scott. The claim had been duly sworn to, and was allowed by W. D. Miller, the administrator of the estate of Robert N. Scott, before it was presented to and allowed by the probate court.

Thomas N. Scott died in 1891, leaving a will, by which most of his estate was bequeathed and devised to his nephew, Thomas Penn, and the Ouachita Baptist College, and E. T. Evans was appointed administrator with the will annexed of his estate, who having died in 1892, W. D. Miller, who married a grand niece of Robert M. Scott, Frances S. Nolan, administered upon the estate. Miller had been employed by Thomas M. Scott, and worked under his superintendence on the farm of Mrs. Nolan, and was induced by Mrs. Nolan and Robert M. Scott to administer upon the estate. At the time this claim was allowed by Miller as administrator, and by the probate court, it had been barred by the statute of limitations for twelve years or more. A suit was then pending in the supreme court on appeal, by Thomas M. Scott and W. D. Miller, contesting the will of Thomas N. Scott. The claim of Robert M. Scott was presented to W. D. Miller, administrator, and allowed, and filed with the clerk of the probate court on the same day, and was allowed by the probate court in April. While the contest over the will of Thomas N. Scott was pending, Thomas Penn and the Ouachita Baptist College brought this their suit to have the judgment of the probate court annulled allowing said claim of Robert M. Scott, alleging fraud and collusion between Robert M. Scott and W. D. Miller in procuring the allowance of said claim.

There was proof that Thos. N. Scott was possessed of some $970 worth of personal property before his death, and 340 acres of real estate valued at $1,871, partly in cultivation, and tending to show that he was prompt in paying his debts, and that his financial standing was good. There was evidence that E. T. Evans, at the time he was administrator of Thos. N. Scott's estate, lived only about one-half mile from the Thos. N. Scott place on the Richmond road, in Little River county; that Robert M. Scott's place is about a mile from the Thos. N. Scott place; that Evans, in coming from his home to Richmond in

1891 and 1892, would pass by the place where Robert M. Scott lived. It was in evidence that W. D. Miller, as administrator of the estate of Thos. N. Scott, paid McCain and Jones $100 to represent him in the contest of the will in the supreme court. It was also in evidence that Miller, the administrator of Thos. N. Scott's estate, was requested by the appellees here to appeal from the allowance of the claim of Robert M. Scott, which he declined to do; that Miller consulted no attorney about the allowance of the claim before he allowed it. There was also evidence, other than that of Robert M. Scott, tending to show that Thos. N. Scott had borrowed of Robert M. Scott, a considera-ble amount of money about the time he claims to have loaned Thos. N. Scott the $1,200. Robert M. testifies that he had notes for the amount, but that they had been lost or taken out of his trunk, and some evidence is introduced tending to show that the wife of Thos. N. had the opportunity to have taken them from the trunk.

*J. C. Head*, and *T. E. Webber*, for appellants.

The claim being allowed, it became a final judgment, from which an appeal could have been taken by any party interested. 1 Ark. 391; 12 Ark. 95; 23 Ark. 641; 33 Ark. 727; 36 Ark. 383; 51 Ark. 9; 63 Ark. 4; 64 Ark. 351. An adequate remedy being at law, a chancery court will not entertain a bill. 1 Ark. 197; 9 Wheaton, 534; Story, Eq. Jur. (10 Ed.) § 1572 and note; 1573-4; 64 Ark. 130; 58 Ark. 317; 56 Ark. 391; 48 Ark. 331; 48 Ark. 510; 27 Ark. 77; 27 Ark. 157. Errors in the probate court that might be corrected by appeal cannot be reached in chancery. 42 Ark. 186; 39 Ark. 256; 36 Ark. 390; 64 Ark. 6. The allowance of a claim which is barred by statute is not, *per se*, a fraud. 50 Ark. 228. Is it the duty of the administrator to plead the statute of limitations? 22 Ark. 302; 13 Ark. 512; 20 Ark. 83; 3 Ired. Eq. 442; 1 Ashm. (Pa.) 352; 2 Am. & Eng. Enc. Law, 919; 100 N. C. 99; 25 Ga. 594; 51 Texas, 27.

*E. F. Friedell*, for appellees.

That the appellees' rights might be protected, they had to resort to equity. 28 Ark. 479; 47 Ark. 411; 30 Ark. 578; 26

Ark. 461; 25 Ark. 557. Chancery will give relief from a judgment obtained in a court of law by fraud. 28 Ark. 49; 25 Ark. 557; 33 Ark. 575; 33 Ark. 728; 17 Ark. 512. Modern decisions favor the pleading of the statute of limitations by administrators. 18 Am. Dec. 93; 1 Pet. 351–360; 6 Ark. 514; 13 Ark. 500. An illegal act prejudicial to the rights of others is a fraud [upon such rights. Harrington, Ch. Rep. 100; 11 Wend. 224. It is the duty of the administrator to protect the estate, and plead the statute of limitations. 13 Ark. 509; 20 Ark. 83; 20 Ark. 308; 18 Am. Dec. 93; 24 La. An. 83; 49 Am. Dec. 42; 14 Tex. 384; 10 Tex.. 472; 40 Miss. 704; 50 Miss. 711; 11 Am. Law Reg: 328; 12 Wheaton, 565; 1 Pet. 351.

HUGHES, J., (after stating the facts.) Appellant contends that the appellees had a remedy at law by appeal from the judgment of the probate court allowing the claim of Robert M. Scott. The administrator, Miller, might have appealed, and was urged to do so, but he would not. The appellees here could not appeal, because they were not parties to the record. *Austin v. Crawford County*, 30 Ark. 578; *Arnett v. McCain*, 47 Ark. 411.

Even if appellees had a remedy at law, chancery had concurrent jurisdiction, and fraud is always the subject of chancery jurisdiction. Our own court has decided that a chancery court has the jurisdiction to set aside the allowance of a claim in the probate court obtained by fraud. The fraud must consist in obtaining the allowance. *West v. Waddill*, 33 Ark. 575; *Reinhardt v. Gartrell*, 33 Ark. 727.

An administrator is not bound to plead the statute of limitations under ordinary circumstances. There are extraordinary circumstances in this case. Twelve years had elapsed since the claim was barred. No effort appears to have been made to collect it. The claimant testified that he had notes for the amount which had been lost or taken from his trunk, but he seems to have made no effort to get new notes instead of the ones said to have been lost or taken from him. This is not natural, even in a brother who intended finally to insist on payment of a debt. Under some circumstances, less than twenty

years will afford a presumption of payment. Long delay in presenting a claim may in some circumstances be a circumstance tending to prove payment, and in other instances it may be sufficient, when taken in connection with other circumstances, to create a presumption of payment. *Long* v. *Straus*, 124 Ind. 84. There was less than· twenty years' delay in presenting the claim in the case cited. The presumption of payment after the lapse of twenty years is one of law, if not satisfactorily rebutted or explained. The presumption of payment from lapse of time less than twenty years is one of fact, from lapse of time in connection with other circumstances. 1 Greenleaf, Ev. p. 136, § 39 (16 Ed.) In *Woodruff* v. *Saunders*, 15 Ark. 144, Judge Scott, delivering the opinion of the court, said: "At common law, a debt was presumed to be paid if unclaimed and without recognition for the space of twenty years, in the absence of any explanatory evidence. * * * Before the expiration of twenty years, the law did not make the presumption; nevertheless the jury, upon issue of payment, might infer the fact of payment for [from] a lapse of time short of twenty years in combination with other circumstances in evidence, such as * * * the parties residing in the same neighborhood with each other, without any demand being made, and other like circumstances."

We think the circumstances in this case, in connection with the long delay in presenting the claim for payment, and the absence of any effort to keep it alive, raise the presumption that the debt had been paid. We are therefore constrained to find that there is not a clear preponderance in the evidence against the decree of the chancellor, which is affirmed.