D. L. ADAMS, d/b/a D. L. ADAMS MOTORS
*v.* HUDSPETH MOTORS, INC.

CA 79-17                                 587 S.W. 2d 227

Opinion delivered August 15, 1979
and released for publication October 4, 1979

*Roy Gene Sanders,* of *Matthews & Sanders,* for appellant.

*Kenneth R. Reeves,* of *Pinson & Reeves,* for appellee.

DAVID NEWBERN, Judge. This case was appealed to the Arkansas Supreme Court and by that Court assigned to the Arkansas Court of Appeals pursuant to Arkansas Supreme Court Rule 29(3).

The trial court granted summary judgment in favor of

Appellee. Appellee's version of the facts, discerned from affidavits submitted on the motion for summary judgment and from discovery responses, is that Coy White owed Hudspeth Motors, Inc., (Appellee) $1100.00. White gave Appellee a check to pay the account, and the check was returned for insufficient funds. L. D. Yarbrough, Sales Manager of Appellee, after informing White of the necessity of promptly clearing this indebtedness, agreed to give White a few more days to pay. The extension of time was granted, based on White's suggestion that Appellee take and "hold" the title to a 1976 Datsun, owned by White, until White could come up with the money. The title to the truck was not assigned on the certificate of title to Appellee. Rather, the certificate of title was simply held by it, to be released upon satisfaction of White's account.

According to L. D. Yarbrough's affidavit, John Eaton approached Appellee while Appellee was holding the certificate and informed Mr. Yarbrough that he, Eaton, had purchased the truck from White and then sold it to Appellant, D. L. Adams. Eaton asked Yarbrough to release the certificate, and said he would then bring back a draft from Adams from which Appellee could take sufficient funds to clear White's account. Yarbrough refused to release the certificate until he, on behalf of Appellee, had the draft in hand. Thereafter, Eaton returned to Appellee with a draft from D. L. Adams Motors made out in favor of "Hudspeth Motor Co." in the amount of $2325.00, and showing it to have been made in exchange for:

"Datsun        1976        Pickup        836198"

and stating the following condition:

"ODOMETER (MILEAGE) STATEMENT MUST BE ENCLOSED WITH CLEAR NOTARIZED TITLE WITH ALL LIENS (IF ANY) RELEASED"

Appellee does not deny endorsing the draft.

Appellee then admittedly executed an "Odometer Mileage Statement" showing "Hudspeth Motors Inc." as the

seller of the truck. The reason given by Appellee for doing so was that it was a necessary condition to acceptance and payment of the draft. Appellee gave Eaton a check for $1225.00, which was the balance from the draft after subtracting the amount owed to Appellee by White.

The parties agree that thereafter D. L. Adams Motors sold the truck to C. L. Pennington, and that the truck was taken from Pennington by F.B.I. agents who had discovered it was a stolen vehicle.

Pennington brought suit against D. L. Adams Motors for the purchase price he had paid for the truck. Adams impleaded Appellee, claiming breach of warranty of title, deceit, and violation of the federal law requiring truthful odometer statements (P.L. 92-513). Judgment was had by Pennington against Adams, and that aspect of the case is not before us. We are concerned only with the claim of Adams, the Appellant, against Hudspeth Motors, Inc., the Appellee.

Appellee moved for summary judgment on Appellant's claim.[1] Appellee's motion was accompanied by L. D. Yarbrough's affidavit, stating that Appellee was not the owner of the truck and had not owned it previously. There were also affidavits by White and Eaton, presented in support of the motion. White stated Appellee had never owned the truck and that Eaton was the one who purchased the truck from White. Eaton's affidavit said he had never been employed by, or acted as agent for, Hudspeth Motors.

In support of its motion, Appellee argued that these affidavits made it clear that Appellee had never owned the truck, and that proof of such ownership was an essential element of the breach of warranty of title claim.

In response, Appellant filed no counter-affidavits but replied that there was "sufficient evidence" (presumably meaning sworn discovery responses) indicating that Appellee had in fact sold the truck to Appellant. The sworn discovery responses were to the effect that Eaton had represented

[1]Apparently this motion and the subsequent summary judgment covered all of the theories of action alleged by Appellant against Appellee.

himself to be the agent of Appellee when Appellant purchased the truck, that Appellee had accepted a draft clearly intended to be payable to appellee as owner of the truck, thus representing itself to be the owner, and that Appellee had represented itself to be the owner of the truck on the odometer statement. Each of these was clearly stated as a fact in verified responses to discovery contained in the record and further supported by exhibits in the record, including a copy of the draft and a copy of the odometer statement.

The trial court granted Appellee's motion for summary judgment, and the Appellee contends it was proper to do so because Appellant had filed no counter-affidavits.

For the proposition that *affidavits* as opposed to other evidence in the record, such as discovery responses, are required to support a response to a motion for summary judgment, Appellant cites language from *Hughey* v. *Bennett*, 264 Ark. 64, 568 S.W. 2d 46 (1978), which says affidavits are required. The *Hughey* case, however, can hardly be considered precedent for that point, as there the respondent to the motion did nothing but file a general denial. The record in that case was completely devoid of any affirmative assertions of fact by her.

One has only to look to the statute to see a recitation of circumstances in which affidavits are not required in support of a response to a properly documented motion for summary judgment. Ark. Stat. Ann. § 29-211 (c) (Supp. 1977), says, in part:

> The adverse party *may* serve opposing affidavits. The judgment sought shall be rendered forthwith if the *pleadings, depositions, answers to interrogatories, and admissions* on file, together with the affidavits, *if any*, show that there is no genuine issue as to any material fact. . . . [2]

If it needs further spelling out, one need only look to *Ashley* v. *Eisely*, 247 Ark. 281, 445 S.W. 2d 76 (1969), and

[2]The new Arkansas Rules of Civil Procedure (ARCivP), Rule 56, supplanting the statute which was in effect when the complaint in this case was filed, contains this same provision.

*Purser* v. *Corpus Christi State National Bank,* 248 Ark. 54, 522 S.W. 2d 187 (1975).

The discovery responses in the case at hand clearly raise questions whether Eaton was Hudspeth Motors' agent and whether Hudspeth Motors was the owner of the truck. These are undoubtedly material, at least to the breach of warranty of title claim.

Reversed and remanded.

Chief Judge Wright and Judge Pilkinton dissent.