Don RICKENBACKER and Debra Rickenbacker *v.* WAL-MART STORES, INC.

89-341                                                   788 S.W.2d 474

Supreme Court of Arkansas
Opinion delivered April 23, 1990

*Gary Eubanks & Associates*, by: *James Gerard Schulze* and *Gary L. Eubanks*, for appellants.

*Robinson, Staley & Marshall*, by: *Robert L. Robinson, Jr.* and *Stephen P. Carter*, for appellee.

STEELE HAYS, Justice. On May 18, 1985, Don Rickenbacker, an employee of Henderson Steel Company, was injured during construction of the Wal-Mart Distribution Center at Searcy. Don Rickenbacker and his wife filed suit in White Circuit Court against Wal-Mart Stores, Inc. and Searcy Steel Company, Inc. alleging that each was the general contractor on the job (or, alternatively, either) and therefore liable for Rickenbacker's injuries.[1] The trial court granted Wal-Mart Stores' motion for summary judgment on the premise that Rickenbackers' allegations arose from duties imposed by the terms of a construction contract between Harco Construction Company, Inc., and Wal-Mart Properties, Inc. Under that agreement Harco was to become the general contractor for the distribution center. The trial court held the proper party defendant was Wal-Mart

---

[1] A non-suit was taken against Searcy Steel Company on April 26, 1989.

Properties, rather than Wal-Mart Stores. The Rickenbackers appeal from the summary judgment.

ARCP Rule 56 provides that summary judgment is appropriate where the pleadings, depositions, answers to inter-rogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact. On appeal, in determining whether there is an issue of fact, the proof is viewed in the same light as though it were a motion for a directed verdict. Accordingly, the evidence is viewed most favorably to the party resisting the motion, with all doubts and inferences resolved against the moving party. *Gregory* v. *Nat'l Life & Acc. Ins.*, 250 Ark. 770, 467 S.W.2d 770 (1971). The burden of proving that there is no genuine issue of material fact rests with the party moving for summary judgment. *Pinkston* v. *Lovell*, 296 Ark. 543, 759 S.W.2d 20 (1988).

Appellants contend the motion for summary judgment should not have been granted because they were led to believe that Wal-Mart Stores was the proper party defendant in reliance on misrepresentations by Wal-Mart Stores. Their contention is based in part on a defense asserted by Wal-Mart Stores in an earlier action filed by the Rickenbackers in federal court. We find no merit in the argument.

Rickenbacker and his wife had initially sued the Harnishchfeger Corporation, manufacturer of a hydraulic crane which was alleged to have caused the injury, and Harco Con-struction Company, Inc., in federal court. Harco impled Wal-Mart Stores based upon an indemnity agreement between Wal-Mart Stores and Harco. Harnishchfeger filed a third party complaint against Harco, Wal-Mart Stores, and Searcy Steel asking for indemnity and contribution. While that action was pending Harnishchfeger and Harco settled with the Richenback-ers for $1,000,000. The claims against Wal-Mart Stores and Searcy Steel were nonsuited.

Under those circumstances Wal-Mart Stores properly ap-peared and defended in federal court. Wal-Mart Stores did not stand in the shoes of Wal-Mart Properties. Rather, Wal-Mart Stores, as a third-party defendant under the indemnity agree-

ment with Harco, simply defended against the claims asserted against it. Wal-Mart Stores also appeared in the federal suit as a third-party defendant when Harnishchfeger asked for indemnity and contribution. The record does not reflect the basis for Harnishchfeger's claim for indemnity or contribution from Wal-Mart Stores, but whatever it may have been, Wal-Mart Stores did not engage in misrepresentation simply by pleading a defense to a claim for indemnity and contribution. Furthermore, the construction contract between Wal-Mart Properties and Harco was furnished to the appellants during discovery in the federal action. The contract clearly reflected that Wal-Mart Properties was the proper party to be sued for any claim arising from the construction of the distribution center.

The appellants also assert that appellee engaged in misrepresentation in the state court action by answering the complaint, filing an amended answer, filing a motion for summary judgment, and filing a supplemental motion for summary judgment. In the supplemental motion for summary judgment the appellee asserted that it was the wrong party to be sued. Appellants cite cases from other jurisdictions in which defendants were estopped from asserting a defense under the statute of limitations where plaintiffs were led to believe that they had sued the correct party. For example, in *Argenbright* v. *J.M. Fields Co.,* 196 So.2d 190 (Fla. Dist. Ct. App. 1967), the defendant/appellee Fields, knowing it neither owned nor operated the store in the complaint, nevertheless conducted extensive discovery in order to lull the plaintiff/appellant into believing that they sued the proper party until the statute of limitations had elapsed as to J.M. Fields of East Florida, Inc.

The appellee here did nothing to enhance a belief by the appellants that they had sued the proper party. The appellants' complaint was served on the appellee on August 9, 1988, well after the statute of limitations had expired. The appellee answered on August 29, 1988. Thus it cannot be said that any action by Wal-Mart Stores was the cause of appellants' untimeliness. We find no conduct by the appellee nor any misrepresentations made, that could have been the basis of reliance by the appellants that Wal-Mart Stores was the proper party defendant.

In addition the appellants cite two cases involving situations

in which an employee or agent of the defendant made verbal representations to the plaintiffs regarding potential liability of the defendant. *See Argenbright* v. *J.M. Fields Co.,* 196 So.2d 190 (Fla. Dist. Ct. App. 1967), and *Layton* v. *Blue Giant Equipment Company of Canada, Ltd.,* 105 F.R.D. 83 (1975). Four of the six cases cited by the appellants focus on the issue of amending the original complaints in order to substitute the correct party under the rules of civil procedure. *Layton* v. *Blue Giant Equipment Co. of Canada, Ltd.,* 105 F.R.D. 83 (1985); *Kleinecke* v. *Monticecito Water District,* 147 Cal. App.3d 240, 195 Cal. Rptr. 58 (1983); *Smith* v. *Brush-Moore Newspapers, Inc.,* 27 Ohio St.2d 111, 271 N.E.2d 846 (1971); *Hartford Acc. & Ind. Co.* v. *Interstate Equip. Corp.,* 74 F. Supp. 791 (D. N.J. 1947). Here, the appellants made no attempt to amend their pleadings to include the proper party. We have studied the cases cited by the appellants and do not find them dispositive.

Appellants maintain the trial judge erred in granting summary judgment because genuine issues of fact remained. The court determined that the allegations in the complaint arose from duties imposed under the construction contract between Harco and Wal-Mart Properties. Appellants argue that only one of their allegations against Wal-Mart Stores arose from contractual duties. Appellants suggest that Wal-Mart Stores was the wrong defendant only with respect to those allegations arising from contractual duties. Therefore, for some issues of negligence appellants allege that Wal-Mart Stores was the proper party defendant. However, we fail to find any theories of negligence for which Wal-Mart Stores could be liable. The complaint alleges duties by a general contractor to provide a safe work place for its employees and names Wal-Mart Stores as an alternative general contractor. Under Count II of the complaint the appellants allege that Wal-Mart Stores should have provided a safe work place, as well as instruction, training, and supervision of its employees. But these are responsibilities of the general contractor and Wal-Mart Properties delegated these responsibilities to its contractor, Harco. The construction contract between Wal-Mart Properties and Harco in paragraphs 3 and 5 provides that Harco agrees to furnish and pay for all labor, materials, and tools. Furthermore, paragraph 5 expressly states that Wal-Mart [Wal-Mart Properties] shall have no supervision over the contractor or any of its

employees, but the contractor will prosecute and direct the work himself.

■ The appellants allege in the complaint that Wal-Mart Stores agreed to assume responsibility for the safety of the job site. Additionally, they suggest that Wal-Mart Stores as owner of the premises assumed duties and responsibilities for injuries to an employee of a subcontractor. There are no facts supporting these contentions, nor is this argument advanced in appellants' brief. A review of the documents filed in this case reveals nothing which would raise an issue of fact. And although it was not necessary that the appellants submit affidavits in opposition to those submitted by the appellee, *Adams* v. *Hudspeth Motors, Inc.,* 266 Ark. 790, 587 S.W.2d 227 (Ark. App. 1979), it is necessary that their response refer to something in the record, such as admissions or answers to interrogatories, raising an issue of fact. The only issue raised in the appellants' response to the motion for summary judgment, but not argued on appeal, was the fact that Wal-Mart Stores may have been a general contractor, or at least exercised the control of a general contractor. Thus, arguably Wal-Mart Stores may have been a proper defendant if it could be shown it assumed the role of general contractor. Issues of fact as to whether Wal-Mart Stores *operated* as a general contractor may have existed, but even if Wal-Mart Stores could be deemed to be the general contractor, a general contractor does not owe to employees of a subcontractor a duty to use care to supply them with safe working places or safe tools and appliances unless such duties have been assumed expressly or by implication. *Kennedy* v. *U.S. Const. Co.,* 545 F.2d 81 (8th Cir. 1976). There were no facts demonstrating that the general contractor expressly or by implication assumed the duty of supplying safe work places or tools.[2]

No basis was established for any liability by Wal-Mart Stores, other than the theory that it operated as the general contractor. As to the liability of Wal-Mart Stores as "general contractor," the exhibits and testimony demonstrate that Harco operated as the general contractor. Furthermore, the duties and responsibilities of a general contractor, including supervision,

---

[2] Rickenbacker worked for Henderson Steel Company, a sub-contractor to Searcy Steel, and Searcy Steel worked as a sub-contractor to Harco, the general contractor.

were delegated to Harco by Wal-Mart Properties via a construction contract signed June 14, 1984.

■ We find that the trial judge correctly granted summary judgment for the appellee, although summary judgment should not have been based on the statute of limitations because this affirmative defense is one which must be asserted by Wal-Mart Properties, Inc., a stranger to this action. Nevertheless, if a ruling by the trial court is correct we will affirm, even though the trial court may have announced the wrong reason. *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984). Appellants' complaint arose out of the duties imposed under the terms of the construction contract between Harco Construction Company and Wal-Mart Properties, Inc., and therefore Wal-Mart Properties rather than Wal-Mart Stores was the proper party defendant in this action. As Wal-Mart Stores was not a party to the construction contract, it owed no duties to the appellants and accordingly was not the proper party to sue.

AFFIRMED.

DUDLEY, J., not participating.