Mason HAMILTON *d/b/a* Swift Flying Service *v.*
GENERAL INSURANCE COMPANY of America

CA 00–46                                          32 S.W.3d 16

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered November 8, 2000

*C. Scott Nance*, for appellant.

*Clevenger, Angel & Miller, PLLC*, by: *T. Scott Clevenger*, for appellee.

OLLY NEAL, Judge. Mason Hamilton d/b/a Swift Flying Service appeals from an order of the Jackson County Circuit Court granting summary judgment in favor of appellee, General Insurance Company of America. On appeal, appellant contends that the appellee failed to make a *prima facie* case showing that it was entitled to summary judgment.

The facts presented in this case reveal that in April of 1995, appellant attempted to take off from a private airstrip in Swifton, Arkansas, but was unable to take flight due to the aircraft's engine failure. The aircraft was later determined to have suffered nearly $70,000 worth of damage to its internal components, including the failure of a compressor blade. At the time of the incident, appellant's aircraft was insured for liability and property damage under an aviation insurance policy issued by the appellee. The insurance policy contained the following pertinent agreements and exclusions:

### AIRCRAFT POLICY

> In consideration of the payment of the premium, in reliance upon the statements in the application and declarations made a part hereof, and are subject to all terms of this policy, the Company agrees with the named insured as follows:

## A. INSURING AGREEMENTS

. . . .

### 6. Coverage H—All risks of Physical Damage

To pay for any direct and accidental physical damage to or loss of the aircraft while or not in flight . . . .

. . . .

## B. EXCLUSIONS

This policy does not apply:

. . . .

11. As respects to coverages H and I, to . . . damage which is due and confined to wear and tear, deterioration, freezing, mechanical, structural or electrical breakdown or failure. . . .

Appellant subsequently filed a claim with appellee for losses incurred from the aircraft's engine failure. Following an investigation, appellee denied the claim based upon its determination that the internal engine of appellant's aircraft was caused by a mechanical and structural breakdown secondary to wear and tear.

On November 18, 1998, appellant filed an amended complaint alleging that appellee refused to pay his claim for loss, which was covered under the insurance policy issued by appellee. He alleged that substantial damage to the aircraft's engine was created by a foreign object that entered the engine during the aircraft's takeoff. On November 25, 1998, appellee filed an answer to the complaint admitting its issuance of an insurance policy to appellant, which covered the aircraft for any damages, but denied any liability under the policy. On January 27, 1999, appellant filed his answers in response to appellee's set of interrogatories and request for production of documents. In one of his answers, appellant stated that his expert witness, Mr. Jim Mills, would be called to testify regarding the cause of the damage to the aircraft. Appellant stated that Mr. Mills was expected to testify that Mills examined the turbine engine

and the aircraft and was of the opinion that a foreign object caused the damage to the aircraft.

On May 18, 1999, appellee filed a motion for summary judgment alleging that the loss sustained by appellant's aircraft was due to wear and tear, deterioration, and a mechanical and structural breakdown. In support of its motion, appellee included excerpts from appellant's deposition and the affidavit of Weldon E. Garrelts, an aviation consultant who examined the internal engine of the aircraft on behalf of appellee.

In his deposition, appellant stated that a grain of sand was the cause of the damage sustained inside the aircraft's engine, and that after consulting with Mr. Mills, he felt that "there was not any question that a grain of sand, or something of that nature, had been sucked through the wire mesh and struck one of those blades." Appellant testified, however, that he didn't actually observe any foreign object enter into the engine at the time of the incident and that after a visual inspection of the engine, he did not observe any foreign object in the engine itself. Weldon Garrelts stated in his affidavit that based upon his observation and examination of the engine's parts, he found that the engine failure resulted from "a structural or mechanical breakdown of its internal components due to and confined to 'wear and tear' occurring over a period of time, which ultimately led to the failure of a compressor blade." Mr. Garrelts further stated that the damage to appellant's engine was not caused by a foreign object as alleged by appellant.

On June 8, 1999, appellant filed a brief in response to appellee's motion for summary judgment. In his brief, appellant argued that "he had his own opinions as to the cause of the engine failure evidenced in the sworn exhibits in the appellee's brief, and that they formed a general issue of material fact when placed against the appellee's witness's opinions filed in his affidavit." After reviewing all evidence presented, the trial court entered an order on September 30, 1999, granting appellee's summary-judgment motion pursuant to Ark. R. Civ. P. 56.

Summary judgment is a remedy that should only be granted when there are no genuine issues of material fact and when the case can be decided as a matter of law. *Alexander v. Flake*, 322 Ark. 239, 910 S.W.2d 190 (1995). Review is limited to examining

the evidentiary items presented below and determining whether the trial court correctly ruled that those items left no material facts disputed. *Id.* The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *McDonald v. Pettus*, 337 Ark. 265, 988 S.W.2d 9 (1999). All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Rankin v. City*, 337 Ark. 599, 990 S.W.2d 535 (1999). When a movant makes a *prima facie* case showing entitlement, the respondent must meet proof with proof by showing that a genuine issue exists as to a material fact. *Wilson v. J. Wade Quinn Co.*, 330 Ark. 306, 952 S.W.2d 167 (1997).

■ In this case, there is no dispute between the parties in regard to the terms, conditions, and exclusions of the aviation insurance policy issued by appellee, and it is undisputed that the policy was in full force and effect at the time appellant's aircraft was damaged. Thus, it is unnecessary to resort to rules of construction in order to ascertain the meaning of an insurance policy when no ambiguity exists. *Ratliff Enters., Inc. v. American Employers Ins. Co.*, 334 Ark. 547, 975 S.W.2d 837 (1998). We need only decide if the evidentiary items presented to the trial court left no material facts disputed in regard to the cause of the engine failure.

Appellant contends that based upon the statement in his complaint that foreign objects were seen entering the engine immediately before the engine failure and upon his deposition testimony that only a foreign object could have caused the damage to the engine based upon his observations, there remain genuine issues of material fact in relation to the cause of the engine failure. Appellant further relies upon his answer to appellee's interrogatory, in which he stated that his witness, Jim Mills, was expected to testify that Mills examined the aircraft's engine and was of the opinion that a foreign object caused the engine's damage.

■ However, from each of appellant's responses, there appears to be no evidence presented to rebut appellee's proof that the engine failure was caused by normal wear and tear over an extended period of time. Appellant admitted during his deposition that he did not actually see any foreign objects enter into the engine at the time of take off and he admitted that there were no foreign objects visible in the engine upon his own inspection. Although appellant

seems to rely on Jim Mills's purported opinion that the cause of the engine failure was due to a foreign object, there is no evidence presented showing any sworn testimony by Mr. Mills regarding his expert opinion of the cause of the engine failure. Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Shelton v. Fiser,* 340 Ark. 89, 8 S.W.3d 557 (2000).

■ The dissent relies on *Adams v. Hudspeth Motors, Inc.,* 266 Ark. 790, 587 S.W.2d 227 (1979). In *Adams,* the appellant who resisted the summary-judgment motion filed *sworn* discovery responses to the motion, even though he did not file counter-affidavits. (Emphasis added.) In this case, however, appellant has filed no sworn or verified discovery responses. Neither appellant's complaint in law following a voluntary dismissal nor his amended complaint in law are properly verified or sworn to before a person authorized to administer oaths. Appellant here appears to rely on:

1. His amended complaint in law which is neither sworn to or verified.

2. His answers to the appellee's interrogatories which are neither sworn to or verified.

3. Appellant's sworn deposition testimony that *Mr. Mills believed that a foreign object is what damaged the aircraft.* (Emphasis added.) (However, self-serving statements regarding a witness's state of mind or his subjective beliefs are no more than conclusions and are not, therefore, competent summary-judgment evidence. *Flentje v. First National Bank of Wynne,* 340 Ark. 563, 11 S.W.3d 848 (2000)).

4. Appellant's counsel's statement to the trial court that appellant and several other agricultural pilots are willing to testify that they suffer damage to their props and engines as a result of foreign objects all the time. (However, arguments of counsel are not evidence. *Flenje, supra.*)

Summary judgment is proper where review of the documents filed revealed nothing that would raise an issue of fact. *Rickenbacker v. Wal-Mart Stores, Inc.,* 302 Ark. 119, 788 S.W.2d 474 (1990). Because appellant has failed to meet proof with proof to rebut evidence provided by appellee on the issue of the cause of the

engine's failure, we cannot say that the trial court erred in granting appellee's summary-judgment motion.

Affirmed.

BIRD, KOONCE, and STROUD, JJ., agree.

ROBBINS, C.J., and GRIFFEN, J., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. I would reverse the summary-judgment order because appellant produced facts showing that a genuine issue exists for trial regarding what caused the engine failure and resultant damage to the airplane he operated in his crop-dusting operation. Appellant is a crop duster who attempted to take off from an airstrip in Swifton, Arkansas, when his airplane experienced engine failure. The engine suffered about $70,000 in damage to its internal components, including the compressor blades. Appellant asserted a claim with appellee, the insurer of the plane, and alleged that a foreign object entered the engine during the attempted take-off and caused the engine failure. The appellee engaged Weldon Garrelts, an aviation consultant, to investigate the cause of the accident. Garrelts concluded that the engine failure and resultant damage were not due to a foreign object but resulted from mechanical or structural breakdown secondary to normal wear and tear. The appellee refused to pay benefits under the policy.

After appellant sued alleging that a foreign object entered the engine and caused the damage, appellee answered and denied liability while admitting that it had a policy listing the airplane. The appellee then filed a summary-judgment motion supported by a copy of the insurance policy, excerpts from appellant's deposition, appellant's answers to interrogatories, and Garrelts' affidavit. In response, appellant offered his opinion regarding the engine failure based on his personal observation as stated in his answers to interrogatories that he noticed the airplane propeller picking up a large amount of rocks and propelling them behind the turbine engine seconds before the engine failed. He also named Jim Mills, an aircraft mechanic who repaired the engine and owner of a turbine engine conversion business, as an expert witness whose expected testimony would be that the damage sustained to the engine was caused by a foreign object rather than by normal wear and tear related to use of the aircraft. The trial court granted summary

judgment, apparently persuaded by appellee's argument that the affidavit from Garrelts was not met with proof which established a genuine issue of material fact for trial. Appellee now argues that appellant's failure to produce affidavits countering the opinion from Garrelts left no issue of fact to be tried.

Under Rule 56 of the Arkansas Rules of Civil Procedure, summary judgment is properly granted only where the pleading, depositions, and answers to interrogatories, together with the affidavits if any, show there is no genuine issue as to any material fact remaining, so that the moving party is entitled to judgment as a matter of law. *See Dickson v. Selhi Seed Co.*, 26 Ark. App. 83, 760 S.W.2d 382 (1988). Once the moving party makes a *prima facie* showing of entitlement to summary judgment, the party opposing summary judgment must meet proof with proof by demonstrating that a genuine issue of material fact remains unresolved. *See Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). This requires the nonmoving party to set forth in his response specific facts showing there is a genuine issue for trial. *See* Ark. R. Civ. P. 56(e). Thus, summary judgment is inappropriate (1) where facts remain in dispute, or (2) where undisputed facts may lead to differing conclusions as to whether the moving party is entitled to judgment as a matter of law. *See Wallace v Broyles*, 332 Ark. 189, 961 S.W.2d 712 (1998). When reviewing the grant of summary judgment, the appellate court determines whether the evidence presented by the moving party left any material questions of fact unanswered. *See Keller v. Safeco Inc. Co. of America*, 317 Ark. 308, 877 S.W.2d 90 (1994). The evidence is viewed most favorably in light of the nonmoving party, and any doubts or inferences are resolved against the moving party. *See Pyle v. Robinson*, 313 Ark. 692, 858 S.W.2d 662 (1993).

The trial court in this case erroneously treated the summary-judgment motion as analogous to one for a directed verdict. Despite the fact that even counsel for appellee conceded that Mills (the mechanic) would testify that the engine damage could have occurred from a foreign object rather than from normal wear and tear, the trial court granted the appellee's motion for summary judgment after appellee's counsel argued that a "jury would have to be speculating, because there is no evidence that foreign object caused this damage." The trial court then asked counsel for appel-

lant, "You want to put on evidence?" When counsel replied, "Not right not now," the trial court granted the motion.

Appellee, the trial court, and the majority fail to distinguish a summary-judgment motion from a motion for directed verdict. While the granting of either a motion for summary judgment or for directed verdict effectively dismisses a case, the purpose and standard of review governing these motions differ. The purpose of a motion for summary judgment is to determine whether any issues remain to justify a trial on the merits. However, the purpose of a directed verdict under Ark. R. Civ. P 50(a) is to require a party testing the sufficiency of the evidence to first submit the question to the trial court, thereby permitting the court to rule at the conclusion of all the evidence but prior to the verdict, thus preserving the sufficiency of the evidence issue for appeal. *See Pennington v. Rhodes*, 55 Ark. App. 42, 929 S.W.2d 169 (1996). It is not proper, therefore, for either the trial court or for the appellate court to engage in a determination of the sufficiency of the evidence in a motion for summary judgment. Indeed, our supreme court has recently stated:

> If it has not been clear heretofore, we hope this opinion clarifies that, although we follow federal courts' interpretation of the parallel rule, F.R.C.P. 56(c) when possible for the sake of uniformity, we have never gone so far as to say, much less hold, that we will make a "sufficiency of the evidence" determination when a summary judgment motion is at issue. We regard that directed-verdict standard, used in ruling on motions made pursuant to Ark. R. Civ. P. 50, as being somewhat different from the summary judgment standard.

*Wallace v. Broyles, supra*, at 194-95, 961 S.W.2d at 723.

Our supreme court has specifically denounced the use of the sufficiency of the evidence standard in summary-judgment cases. Substantial evidence is evidence sufficient to compel a conclusion one way or the other and which induces the fact finder to go beyond mere suspicion or conjecture. *See Caplener v. Bluebonnet Milling Co.*, 322 Ark. 751, 911 S.W.2d 586 (1995). The *Caplener* court stated:

> Our use of the term "substantial evidence" in opinions describing the evidence which must be produced in response to a motion for summary judgment was ill advised. . . [T]he standard to be applied in summary judgment cases is whether there is evidence sufficient

> to raise a fact issue, rather than evidence to compel a conclusion on the part of the fact finder.

*Id.* at 759, 911 S.W.2d at 591.

When viewing the proof in the light most favorable to appellant as the nonmoving party and resolving all doubts or inferences against appellee as the moving party, as we are obliged to do, the documents supporting appellee's motion for summary judgment raised a factual inference that the foreign objects appellant witnessed being sucked into the turbine engine caused damage to the engine. When one also considers that the answers to interrogatories indicated that Mills would testify that the engine damage was caused by foreign object damage rather than normal wear and tear as contended by appellee, it is clear that appellant met proof with proof sufficient to withstand entry of summary judgment on appellee's motion, even if it could not have withstood a challenge to the sufficiency of the evidence in the form of a motion for a directed verdict.

Moreover, the fact that appellant in this case did not submit *sworn* responses, as the appellant did in *Adams,* is not dispositive, or even relevant. The majority cites no authority for the proposition that the nonmoving party must submit *sworn* responses in order to "meet proof with proof." Rule 56(e) provides that the sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached to or served with the affidavit, but the Rule does not require that any other responses must be sworn. Moreover, Rule 56(c) also provides that summary judgment shall be granted where the "pleadings, depositions, answers to interrogatories and admissions on file, *together with the affidavits, if any,* show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." (Emphasis added.) Thus, the plain language of the rule confirms that affidavits, sworn or otherwise, are not required in support of a properly documented motion for summary judgment. Affidavits are not required in support of a response to a motion for summary judgment, and appellant was not required to produce an affidavit from Mills or anyone else. *See Adams v. Hudspeth Motors, Inc.,* 266 Ark. 790, 587 S.W.2d 227 (1979). He merely was obliged to set forth specific facts showing that there is a genuine issue for trial. Here, appellant properly

set forth such facts in his amended complaint, his sworn deposition, and his answers to interrogatories.

Finally, appellee's argument that only evidence admissible at trial is sufficient to create a factual issue for purposes of summary judgment overstates what the supreme court said in *Dixie Ins. Co. v. Joe Works Chevrolet, Inc.*, 298 Ark. 106, 766 S.W.2d 4 (1989). The supreme court actually applied that standard only to facts stated in an affidavit. *See id.* at 109, S.W.2d at 6 (stating, "Facts stated in an affidavit must be admissible in evidence if they are to be relied upon in granting or denying summary judgment.") (*citing Organized Security Life Ins. Co. v. Munyon*, 247 Ark. 449, 446 S.W.2d 233 (1969)).

Arkansas law holds that the object of summary-judgment proceedings is not to try the issues, but to determine if there are any issues to be tried, and if there is any doubt whatsoever, the motion should be denied. *See Walker v. Stephens*, 3 Ark. App. 205, 626 S.W.2d 200 (1981). The trial court incorrectly treated the summary-judgment motion as an opportunity to try the sufficiency of the evidence surrounding the cause of the engine failure. Thus, I would reverse and remand. I am authorized to state that Chief Judge ROBBINS joins in this opinion.