2010 Ark. App. 635

Bill WARFORD, Appellant

v.

UNION BANK OF BENTON, Appellee.

No. CA 09–1301.

Court of Appeals of Arkansas.

Sept. 29, 2010.

Luther Oneal Sutter II, Harrill & Sutter, P.L.L.C., Benton, for appellant.

Gary Dewayne Jiles, Mika Shadid Tucker, Jack Nelson Jones, Jiles & Gregory, P.A., Conway, for appellee.

LARRY D. VAUGHT, Chief Judge.

Bill Warford appeals the order of summary judgment entered by the Circuit Court of Saline County, dismissing his complaint against Union Bank in which he sought payment of the face amount of a certificate of deposit. On appeal, Warford contends that summary judgment should be reversed because the trial court improperly (1) resolved a credibility issue, (2) found that his complaint was barred by laches, and (3) found that the presumption-of-payment doctrine applied. Because the trial court erred in finding that the laches and the presumption-of-payment doctrines barred Warford's claim, we reverse and remand.

On July 3, 1990, Warford purchased Certificate of Deposit No. 170005550 in the amount of $100,000 from Benton Savings and Loan Association. Pursuant to the terms of the certificate of deposit, it matured on January 1, 1991, it was not renewable, and upon its maturity it automatically converted into a regular savings account.

According to Warford, he put the certificate of deposit in a safe and forgot about it. In the latter part of 2005, he and his grandson were looking for a deed in the safe, and they discovered the certificate of deposit. Warford presented the certificate to Union Bank (Benton Savings and Loan's successor) for payment in December 2006. By letter dated January 13, 2006, the bank denied payment, stating "examination of our records for the year 1991 reflect that the certificate is not an outstanding obligation of the bank."

Warford filed a complaint on April 2, 2009, seeking judgment against Union Bank for the face amount of the certificate of deposit, plus accumulated interest, attorney's fees, and costs. After filing an answer, Union Bank sought summary judgment on three grounds. Union Bank argued that (1) the material facts were undisputed that the proceeds of the certificate of deposit were paid to Warford when he withdrew them from his savings account on April 24, 1991; (2) Warford's claim was barred by laches; and (3) Warford's claim was barred by the presumption-of-payment doctrine. In support of its arguments, it contended that one record it located demonstrated that the certificate of deposit converted into a savings account on January 1, 1991, and was withdrawn by Warford on April 24, 1991. It further argued that all other bank records—the withdrawal slip, account statements, and 1099 interest-income statements—that would have established whether Warford had been paid the proceeds of the certificate of deposit had been destroyed pursuant to its record-retention policy.[1] It pointed out that Warford presented no documentation, other than the certificate of deposit itself, that the account still existed, i.e., account statements or 1099 statements. Warford responded that his sworn testimony that he did not receive payment for the certificate of deposit and his possession of the certificate of deposit was sufficient evidence to present a fact question for the jury on all issues.

---

1. Arkansas State Bank Department Rules and Regulations 46–511.1 provides that Arkansas banks are required to retain records related to deposit accounts for six years, documents related to the purchase of certificates of deposit and 1099 statements for five years, and documents related to the redemption or payment of certificates of deposit and withdrawal receipts for ten years.

Following a hearing on Union Bank's summary-judgment motion, the trial court issued a letter opinion finding:

> [B]ased on the totality of the facts and circumstances a legal presumption or inference of payment has arisen that has not been overcome and [Warford's] claim is further barred by the doctrine of laches. The Motion for Summary Judgment of [Union Bank] should be and hereby is granted.

After the order granting summary judgment was entered, Warford filed a timely appeal.[2]

Summary judgment is a remedy that should only be granted when there are no genuine issues of material fact and when the case can be decided as a matter of law. *Hamilton v. Gen. Ins. Co. of Am.*, 71 Ark. App. 353, 356, 32 S.W.3d 16, 18 (2000). Review is limited to examining the evidentiary items presented below and determining whether the trial court correctly ruled that those items left no material facts disputed. *Hamilton*, 71 Ark. App. at 356–57, 32 S.W.3d at 18. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Id.* at 357, 32 S.W.3d at 18. All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Id.*, 32 S.W.3d at 18.

Warford's first point on appeal is that the trial court erroneously resolved a credibility issue when it granted summary judgment against him. He claims that his sworn statement that he did not redeem the certificate of deposit coupled with his possession of the original certificate present a fact question on the issue of whether he received payment of the certificate of deposit. We do not reach this argument because the trial court did not make any credibility findings or resolve any facts on the merits of Warford's claim—whether he did or did not in fact receive payment of the certificate of deposit. Instead, in granting summary judgment, the trial court found that Warford's claim was barred by the affirmative defenses asserted by the bank.

Warford's next argument is that the trial court erred in finding that laches barred his claim. The doctrine of laches is based on a number of equitable principles that are premised on some detrimental change in position made in reliance upon the action or inaction of the other party. *Wilkins v. Food Plus, Inc.*, 99 Ark. App. 64, 70, 257 S.W.3d 107, 112 (2007). It is based on the assumption that the party to whom laches is imputed has knowledge of his rights and the opportunity to assert them; that, by reason of his delay, some adverse party has good reason to believe those rights are worthless or have been abandoned; and that, because of a change of conditions during this delay, it would be unjust to the latter to permit him to assert them. *Wilkins*, 99 Ark. App. at 70, 257 S.W.3d at 113.

Warford argues that laches, an equitable defense, does not apply in this case because he is seeking legal relief. We agree. In Arkansas, "the doctrine of laches is only applicable where equitable relief is sought; where a party is only seeking to enforce a legal right not barred by the statute of limitations and is not seeking equitable relief, the doctrine of laches has no application even if it could

---

**2.** We previously ordered rebriefing in this case because Warford's brief was deficient in that it failed to include an abstract of deposition testimony relied upon by the parties in support of and in opposition to the motion for summary judgment. *Warford v. Union Bank*, 2010 Ark. App. 512, 2010 WL 2522200. That deficiency has been remedied.

otherwise apply." *Landreth v. First Nat'l Bank of Cleburne County,* 45 F.3d 267, 271 (8th Cir.1995) (interpreting Arkansas law) (citing *Rogers Iron & Metal Corp. v. K & M, Inc.,* 22 Ark. App. 228, 230, 738 S.W.2d 110, 111 (1987) (holding that laches, an equitable defense, has no application in a case where the plaintiff sued to obtain a money judgment—an action at law)). *See also J.W. Reynolds Lumber v. Smackover St. Bank,* 310 Ark. 342, 836 S.W.2d 853 (1992); *Rinke v. Schuman,* 246 Ark. 976, 440 S.W.2d 765 (1969); *Kitchens v. Wheeler,* 200 Ark. 671, 141 S.W.2d 34 (1940); *Smith v. Maberry,* 148 Ark. 216, 229 S.W. 718 (1921); *Lesser v. Reeves,* 142 Ark. 320, 219 S.W. 15 (1920); *Waits v. Moore,* 89 Ark. 19, 115 S.W. 931 (1909). Further, laches is not applicable to actions for damages, accounting, or the recovery of money or property fraudulently obtained. *Landreth,* 45 F.3d at 271 (citing *Anadarko Petroleum v. Venable,* 312 Ark. 330, 341, 850 S.W.2d 302, 308 (1993) (acknowledging that laches may flow from the execution of a division order, but rejecting such a defense because the plaintiff's cause of action was for an accounting and judgment proceeds to which the equitable doctrine does not apply)).

In *Landreth,* the appellant's claim was for money damages for the failure to pay a certificate of deposit; no equitable relief was sought. *Landreth,* 45 F.3d at 267–68. One of the bases of the trial court's grant of summary judgment in favor of the bank was laches. On appeal, the Eighth Circuit Court of Appeals reversed summary judgment, holding that the doctrine was not available as a defense because the appellant brought her claim for damages (payment of a certificate of deposit) within the period of the statute of limitations and she was not seeking any equitable relief. *Landreth,* 45 F.3d at 271.

In the case at bar, Warford's complaint prayed that he "have [ ] and recover from [Union Bank] the face amount of the Certificate of Deposit of $100,000. . . ." Similar to the facts in *Landreth,* this was a request for money damages. Because Warford's complaint was an action at law and did not seek equitable relief, we hold that the doctrine of laches does not apply.[3]

There is further support of our holding that Warford's cause is legal (not equitable) in nature. In Arkansas, a certificate of deposit is defined as "an instrument containing an acknowledgment by a bank that a sum of money has been received by the bank and a promise by the bank to repay the sum of money. A certificate of deposit is a note of the bank." Ark.Code Ann. § 4–3–104(j) (Repl.2001). Warford's suit against Union Bank is based upon the bank's failure to fulfill its promise to pay the note. Thus, the gravamen of Warford's complaint is a breach of contract, although it does not use the words "breach of contract." Furthermore, the remedy Warford sought, a judgment for money damages, is legal and not equitable. Finally, we note that Warford's complaint sought attorney's fees pursuant to Arkansas Code Annotated section 16–22–308 (Repl.1999), which permits such fees to the prevailing party in a breach of contract action.

Union Bank responds that the equitable defense of laches is applicable even if Warford's claim was a legal one because the distinctions between the courts of law and equity were abolished as of July 1, 2001, by Amendment 80 to the Arkansas Consti-

---

**3.** We note that the corresponding legal defense to Union Bank's equitable defense of laches is that Warford's claim is barred by the statute of limitations. However, in this matter, we express no opinion about whether Warford's claim is barred by the statute of limitations because that issue is not presented on appeal.

tution. While Amendment 80 placed both legal and equitable jurisdiction in the circuit courts, Union Bank cites no authority for the proposition that it would act to merge otherwise distinct legal and equitable claims and defenses.

Citing *Arkansas Power & Light Co. v. Liebe*, 201 Ark. 292, 144 S.W.2d 29 (1940), Union Bank also argues that prior to the enactment of Amendment 80, a defendant was not foreclosed from asserting an equitable defense to an action at law. From *Liebe*, Union Bank quotes, "a defendant who has an equitable defense to an action at law is not now without a remedy against such action, for he can interpose such defense by answer or counterclaim." *Liebe*, 201 Ark. at 294, 144 S.W.2d at 30. Union Bank has taken this quote out of context when it argues that in *Liebe* our supreme court held that laches is applicable to an action at law. *Liebe* does not involve laches, and Arkansas case law is clear (as cited above) that where a party seeks only to enforce a legal right, not barred by the statute of limitations, the doctrine of laches has no application. Moreover, the issue in *Liebe* concerned piecemeal litigation. There, the appellant filed suit against the appellee seeking an offset against a judgment she received in a separate lawsuit against appellant's joint tortfeasor. *Liebe*, 201 Ark. at 292, 144 S.W.2d at 29. The trial court denied the offset. *Liebe*, 201 Ark. at 293, 144 S.W.2d at 30. On appeal, the supreme court affirmed the denial of the offset, stating that "[a] defendant cannot under the Code system of procedure, let judgment go against him at law upon a legal liability, and then enjoin the judgment in equity upon equitable grounds which were known before the judgment at law." *Id.* at 294, 144 S.W.2d at 30. Because *Liebe* did not involve laches and its focus was a procedural matter, it is inapplicable to the case at bar. Accordingly, we reverse the trial court's summary judgment finding that laches barred Warford's claim.

Warford's final argument is that the trial court erred in finding that the presumption-of-payment doctrine barred his claim. Arkansas law recognizes the common-law doctrine of the presumption of payment, which provides that a debt is presumed paid if no action is taken to collect it for a period of twenty years. *Scott v. Penn*, 68 Ark. 492, 496, 60 S.W. 235, 236 (1900). Where the lapse of time is greater than twenty years, the presumption may be overcome by clear and convincing evidence. *Hicks v. Exch. Bank & Trust Co.*, 252 Ark. 61, 65, 478 S.W.2d 54, 56 (1972) (citing 10 Am.Jur.2d *Banks* § 454). The presumption of payment after the lapse of twenty years is one of law, if not satisfactorily rebutted or explained. *Scott*, 68 Ark. at 496, 60 S.W. at 236.

However, under some circumstances, less than twenty years will afford a presumption of payment. *Id.* at 495–96, 60 S.W. at 236. "Long delay in presenting a claim may, in some circumstances, be a circumstance tending to prove payment, and in other instances it may be sufficient, when taken in connection with other circumstances, to create a presumption of payment." *Scott*, 68 Ark. at 496, 60 S.W. at 236. The presumption of payment from lapse of time less than twenty years is one of *fact* and can arise when combined with other circumstances that establish payment. *Id.* at 496, 60 S.W. at 236 (emphasis added).

Because a certificate of deposit is a debt owed by a bank, the presumption of payment could apply. In this case, it is undisputed that Warford's delay in presenting his certificate of deposit for payment was less than twenty years. Therefore, under these circumstances, pursuant to Arkansas law, the application of the

presumption-of-payment doctrine is one of fact. And the material facts in this case—whether the bank converted the certificate of deposit and Warford withdrew the funds—were hotly disputed. Warford provided direct testimony that he did not receive payment for the certificate of deposit. As such, we hold that Warford's direct testimony rebutted the presumption-of-payment doctrine and created a fact question sufficient to overcome summary judgment.

Union Bank argues that Warford failed to rebut the presumption that the certificate of deposit had been paid. It contends that Warford's possession of the certificate and his "self-serving" testimony that he was not paid is insufficient. For support, it cites *Krawitt v. KeyBank*, 23 Misc.3d 297, 871 N.Y.S.2d 842 (N.Y.Sup.2008) and *Griffith v. Mellon Bank, N.A.*, 328 F.Supp.2d 536 (E.D.Penn.2004), *aff'd*, 173 Fed.Appx. 131 (3rd Cir.2006). In both *Krawitt* and *Griffith*, the plaintiffs were seeking to redeem certificates of deposit many years (eighteen and twenty-seven respectively) after they were issued by the defendant banks. In both cases, the trial courts granted summary judgment in favor of the banks, finding that the plaintiffs failed to rebut the presumption of payment because the only proof offered by the plaintiffs was possession of the certificates of deposit or their receipt. In *Krawitt*, the court stated that "[p]laintiff has failed to set forth any affirmative proof establishing that the account was not paid." *Krawitt*, 871 N.Y.S.2d at 844. The *Griffith* court stated that "the creditor demanding payment must present evidence consisting of more than the instrument itself." *Griffith*, 328 F.Supp.2d at 543.

*Krawitt* and *Griffith* are distinguishable because in those cases the *only* proof presented to rebut the presumption was the plaintiffs' possession of the certificates. In *Krawitt* and *Griffith*, the plaintiffs were not the original purchasers of the certificates of deposit and did not present any affirmative testimony that the certificates had *not* been paid.[4] In contrast, Warford not only introduced the original certificate, which he purchased, he also presented his sworn affirmative testimony that he did not receive payment for the certificate. This distinguishes his case from *Krawitt* and *Griffith* and creates a question of fact on the issue of whether Union Bank paid the certificate of deposit. Therefore, we hold that the trial court erred in granting summary judgment in favor of Union Bank based upon the presumption-of-payment doctrine.

In sum, we hold that the trial court erred in finding that the laches and the presumption-of-payment doctrines barred Warford's claim and reverse summary judgment. On remand, we direct the trial court to proceed in a manner consistent with this opinion.

Reversed and remanded.

PITTMAN and HART, JJ., agree.

---

4. The plaintiff in *Krawitt* found a receipt for the certificate of deposit at issue in his mother's possessions after her death. *Krawitt*, 871 N.Y.S.2d at 843. In *Griffith*, the plaintiff found the certificate of deposit at issue in a book he purchased from an unnamed individual. *Griffith*, 328 F.Supp.2d at 538. As such, it is unsurprising that the plaintiffs in these cases had no direct knowledge of whether the certificates had been paid.